CASE 37 — INDICTMENT — OCTOBER 10.

## Allison v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

RECEIVING STOLEN PROPERTY, knowing it to be stolen, is a complete offense distinct from the larceny of the same property, and the circuit court of the county in which the property was received,

Allison v. Commonwealth.

and not of the county in which the larceny was committed, has·
jurisdiction of the offense of receiving the property, knowing it
to be stolen.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLANT.

1. The instruction of the court required the jury to believe that the·
offense was committed in Jessamine county, and this applies to
the receiving of the stolen property, knowing it to be stolen, as
well as to the stealing.

2. Where property is stolen in one county and received in another·
county by a person knowing it to be stolen, either county has·
jurisdiction of the offense of receiving the stolen property, know-
ing it to be stolen. (Criminal Code, section 21.)    The case of '
Tully v. Commonwealth, 13 Bush, 152, does · not conflict with this ·
view.

WATTS PARKER FOR APPELLEE.

Receiving stolen property, knowing it to be stolen, constitutes a sepa-·
rate and distinct offense from the stealing of the property; and
where the property is stolen in one county and received in an-
other, the circuit court of the county in which the property was·
stolen has no jurisdiction of the offense of receiving the stolen
property, knowing it to be stolen. (Tully v. Commonwealth, 13:
Bush, 142.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case, found in the Jessamine
Circuit Court, but tried in the Fayette Circuit· Court,
contains two counts.   In the first, the defendant is
charged with the crime of horse-stealing, and in the
second with receiving stolen property, knowing it to
be stolen.   And the main question presented on his
appeal from the judgment of conviction is as to the
correctness of the following instruction :

"If the jury believe from the testimony, to the
exclusion of a reasonable doubt, that the defendant
in the county of Jessamine, before the finding of the·
indictment herein, either alone or in company with
another or others, whom he being present did aid or·
abet, feloniously took and carried away the horse·

mentioned in the indictment, the property of Rowland Williams, or feloniously received said horse, knowing at the time he received it that it had been stolen, the jury should find the defendant guilty and fix his punishment at confinement in the penitentiary for not less than two nor more than ten years."

The evidence in this case is clear that the horse mentioned was, some time during Sunday night before the October county court of Clark county, 1883, stolen from the owner in Jessamine county, and was on the next day in the possession of the defendant in Winchester, Clark county, when and where he sold it. There is also evidence showing that the defendant was in Jessamine county some time during the Sunday the horse was stolen, but it is also clearly established that he was not there, but in Winchester, during that Sunday night, and did not, in person, actually take and carry away the animal from the owner.

It is conclusive that the offense of which the defendant was by the jury convicted, though not stated in the verdict, was receiving the stolen horse, knowing it to be stolen, as charged in the second count of the indictment, and not the larceny charged in the first count. For they were not authorized by the evidence to find him guilty of alone taking and carrying away the horse; nor could they have found him guilty of aiding and abetting another in the larceny without disregarding the instruction, which, as worded, required them, as a condition, to believe him present when the horse was stolen.

The instruction is not as clear and plain in language as it should be; but we are satisfied the jury

Allison v. Commonwealth.

·construed it as authorizing them to find the defend-ant guilty of the offense charged in the second count, though committed in the county of Clark, as there was no evidence it was committed else-where. Besides, the bill of exceptions shows that the defendant objected to the instruction on that ground, but the lower court refused to modify it, assuming that the Jessamine circuit court had juris-·diction.

The question of jurisdiction being thus presented, it is our duty to decide it.

Section 18, Criminal Code, provides that "the local jurisdiction of circuit courts   *   *   *   shall be ·of offenses committed within the respective counties in which they are held."

Section 21 is as follows: "If an offense be com-·mitted partly in one and partly in another county, ·or if acts and their effects constituting an offense ·occur in different counties, the jurisdiction is in either county."

In our opinion the sole inquiry necessary is, whether receiving stolen property, knowing it to be stolen, is a substantive offense distinct from lar-·ceny of the same property. For if it is, then only the circuit court held in the county where it may be committed can take jurisdiction.

It would seem the General Statutes furnish a sat-·isfactory answer to this inquiry. For, while the same punishment is prescribed for the two offenses, they are therein recognized and treated as separate and independent.

Receiving stolen property, knowing it to be stolen,

is itself a complete offense. It is not necessary, in. order to convict of that offense, that the guilt of the person who stole the property shall be first established, nor his name be known or even stated in the indictment, or to prove the accused to be in. any way connected with the larceny. The gist of the offense consists of the guilty knowledge of the property having been stolen.

In this case the person who stole the horse in Jessamine county is not known. But the offense charged in the second count was, according to the evidence, committed by the defendant, if at all, wholly in Clark county, and nothing necessary to constitute the offense nor a part of it was done in Jessamine county.

In the case of Tully v. Commonwealth, 13 Bush, 142, the defendant was indicted in the Scott Circuit Court, charged with the offense of being accessory, after the fact, to the commission of the crime of murder in that county. But the particular circumstances of the offense, which consisted in furnishing the person charged with murder with money while in the course of his flight with which to effect his escape, and secreting him for that purpose from arrest, occurred in Logan county. In that case this court held, that as the accessorial acts were all done in Logan county, the Scott Circuit Court had no jurisdiction. And if this rule for determining criminal jurisdiction of circuit courts can be applied in that case, we see no reason why it should not govern in this.

It is well settled that a thief can be indicted for a complete larceny, either in the county where he first.

took the property, or in any other into which, the intent to steal continuing, he carries it.

This doctrine rests upon the theory that the title and legal possession continues in the owner, and the asporting it from the county where first stolen is a continuation and renewal of the offense. And section 18 of the Code just quoted was doubtless intended to provide for such case. But in this case the inception and completion of the offense charged in the second count of the indictment were entirely in Clark county, and in our opinion the defendant could be indicted therefor only in that county.

Consequently, the court erred in instructing the jury otherwise, and the judgment must be reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.