CASE 24—INDICTMENT—OCTOBER 5.

# Commonwealth v. Wilson.

APPEAL FROM HARLAN CIRCUIT COURT.

ONE MAY BE GUILTY OF FORGERY BY SIGNING A WRITING IN HIS OWN NAME, if it be false in any material part and calculated to induce another to give credit to it as genuine.

A county surveyor, who, with intent to defraud, makes a plat and certificate of a survey purporting to have been made by him, when, in fact, no survey has been made, is guilty of forgery, the plat and certificate being sufficient under the statute to require the Register of the Land Office to issue a patent to the person named therein.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLANT.

While the indictment contains some surplusage, it contains all of the elements necessary to make it a good indictment.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense charged in the indictment against the accused is forgery, alleged to have been committed as follows: "The said Z. B. Wilson did, on the 30th day of September, 1886, in the county of Harlan and State of Kentucky, unlawfully and willfully and feloniously, and with the fraudulent intent and for the purpose of defrauding the Commonwealth of Kentucky and Harlan county out of the vacant and unappropriated lands belonging to said county, did make, forge, utter and put a survey plat and certificate in the name of B. F. Engle, which survey, plat and certificate is in the following words and figures, viz: ' State of Kentucky, Harlan county, *Sct.*, March 9, 1882. Surveyed for B. F. Engle 200 acres of land by virtue of an order from the Harlan County Court for 200, situated in

Harlan county, and bounded as follows (giving the boundary )

'Z. B. WILSON, *S. H. C.*,
'J. H. CALDISON,
'S. McKNIGHT, *C. M.*,
'Z. B. WILSON, *Marker.*'"

It is further alleged that said Caldison and McKnight were not chainmen in making said pretended survey, which was not in fact made at all, nor was a copy of any such survey recorded upon the surveyor's book by said Wilson, who was surveyor of said county, or any one else. But said plat, certificate and survey, together with the names of said Caldison and McKnight, were, for the purpose aforesaid, forged.

As a demurrer was sustained to the indictment, the only question before us is, whether the facts stated constitute a public offense. By section 1, chapter 109, General Statutes, it is provided that any person who wishes to appropriate any vacant and unappropriated lands may, on application to the county court of the county in which the same lies, and paying therefor such price as the court may allow, not less than five dollars per hundred acres, obtain an order of court authorizing him to enter and survey any number of acres of such land in the county, not more than two hundred, and the party obtaining such order may, by an entry in the surveyor's book of the county, describing the same, appropriate the quantity of land it calls for in one or more parcels, as he may think proper, but no person shall enter, survey or cause to be patented more than two hundred acres of land in any one county.

Commonwealth v. Wilson.

By section 3, it is made the duty of the surveyor to survey the entries in the succession in point of time in which they are made, in the presence of two disinterested housekeepers as chainmen, whose names must be placed at the bottom of the plat and certificate.

Such survey must be made within six months after the date of the entry, and a plat and certificate of the survey must be made out by the surveyor and recorded in his books, and the original thereof, and a copy of the order of court under which it is made, must be deposited in the Register's office within six months after the survey is made, and a patent may issue on the survey within three months after the survey is made, but the legal title shall bear date from time of making the survey. It is, however, further provided that the Register may receive plats and certificates of survey after the time mentioned for returning the same; but in such case the legal title shall take effect only from date of the patent.

Forgery, as described in 4 Blackstone's Com., 247, is "the fraudulent making or alteration of a writing to the prejudice of another man's rights." Extending the definition, it may, with accuracy, be "the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." (Bishop on Criminal Law, volume 1, section 572.)

It will be perceived that the charge in the indictment is that September 30, 1886, the accused forged, uttered and put a survey, plat and certificate, purporting to have been made May 9, 1882, by him as surveyor of

Harlan county for one B. F. Engle, which in fact was never made, and that the two persons, Caldison and McKnight, whose names were placed by him at the bottom of the pretended plat and certificate as chain-men, did not act as such.

The pretended plat and certificate, in the form it is set out in the indictment, was of apparent legal efficacy, and sufficient under the statute to authorize and require the Register of the Land Office to issue a patent to Engle, thereby divesting the Commonwealth of the legal title, Harlan county of the beneficial interest in the land, and preventing the appropriation of it by any other person; and though it is not in express terms charged, a patent was actually issued to Engle, it is charged the plat and certificate were forged, uttered and put with intent to defraud, which, adopting the definition referred to, is sufficient to describe, and, if proved, fix the crime of forgery on the accused.

But forgery, according to Lord Coke, "is properly taken when the act is done in the name of another person." He, however, further says that "an offender may be guilty of a false making of an instrument, although he sign and execute it in his own name, in case it be false in any material part, and calculated to induce another to give credit to it as genuine and authentic when it is false and deceptive," and an example is given in the books where one, having conveyed the title to land, afterwards for the purpose of fraud, executes an instrument purporting to be a prior conveyance of the same land; for such instrument is designed to obtain credit by deception, as purporting to have been made at a time earlier than the true time

Commonwealth v. Wilson.

of its execution. (1 Hale P. C., 683 ; 1 Hawk. P. C., 263.)

In Bishop's Criminal Law, volume 2, section 585, it is said that "plainly the broad doctrine is not maintainable that it is incompetent for a man to commit forgery of an instrument executed by himself." And if it be forgery in the case referred to, where the deed was executed by the accused person, it clearly must be so regarded in this case. For not only was the plat and certificate as charged fraudulent, but though made by the accused in person, purported to be not his individual, but official act as surveyor, wherein the writing was false and deceptive, and whereby only would it have possessed legal efficacy if genuine and authentic. It seems to us, therefore, adopting and applying a reasonable and practical definition of the crime, the facts stated in the indictment constitute the offense of forgery. For the writing, as charged, was made with intent to defraud; was calculated to induce another to give credit to it as genuine, and if it had been so, would have entitled Engle to a patent, and was made in the name of the accused, in his official capacity, which was to a reasonable intent, and of the same effect, as if he had made it in the name of another surveyor.

The judgment is reversed, with directions to overrule the demurrer to the indictment.