STATE OF IOWA v. J. M. SPAYDE, Appellant.

**Forgery:** VENUE. Where one signs another's name to a note in one county, and fills up the blanks in another county, he is guilty of forgery in the latter county and the venue would be properly laid in that county.

EVIDENCE. Evidence that blanks in a printed note alleged to have been forged were filled out in a certain county, is, at most, only evidence that the offense was partially committed therein.

**Venue:** JURY QUESTION. *Practice.* Where the evidence as to venue is disputed, the question is for the jury, and the court should not discharge them and commit defendant to await a warrant from another county, under Code, sections 5389, 5391, providing, therefor, if the offense was committed within the exclusive jurisdiction of another county.

MISTAKEN DISCHARGE OF DEFENDANT: *Acquittal.* Where the jury was erroneously discharged by the court, under Code, sections 5389 and 5390, on the mistaken supposition that the evidence showed that the crime was committed in another county, and the prisoner committed to await a warrant therefrom, it amounts to an acquittal and he cannot be tried again.

JURISDICTION. The court which first takes jurisdiction of an offense which, under Code, section 5157, may be prosecuted in more than one county, should retain it.

*Appeal from Webster District Court.*—HON. B. P. BIRDSALL, Judge.

WEDNESDAY, DECEMBER 13, 1899.

INDICTMENT for forgery. From a verdict and judgment of guilty, defendant appeals.—*Reversed.*

*Wright & Nugent* and *Prouty, Coyle & Prouty* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—Defendant was first indicted by the grand jury of Humboldt county. A trial was commenced, a jury impaneled and sworn, the evidence of the state · adduced, and the defendant had testified, in his own behalf, that he had affixed the signature to the note which it is claimed was forged in Webster county. Thereupon the court trying the case ordered the jury discharged, and held the defendant to bail to answer to a warrant from Webster county. This action of the court was objected to by the defendant, who insisted that, as there was evidence tending to show that the crime was committed in Humboldt county, he was entitled to a verdict of the jury thereon. The objection was overruled, and from the ruling the defendant appealed to this court. This appeal has not, however, been presented as yet, and with that we have nothing to do, except in so far as it may affect the further proceedings. Thereafter the grand jury of Webster county returned an indictment against defendant, charging him with the same forgery covered by the indictment in Humboldt county. The trial from which this appeal was taken was held in Webster county upon this second indictment. To that indictment the defendant pleaded not guilty and a former acquittal in the district court of Humboldt county. The jury returned a verdict of guilty, and by a special interrogatory found that the blanks in the note which it is claimed was forged were filled out by defendant in Webster county.

Several matters are presented on appeal, but, as we view the case, it is not necessary to consider all of them.

The first point argued is that defendant was placed in jeopardy in Humboldt county, and that the discharge of the jury operated as an acquittal of the offense. There is no doubt that this position is correct, if the district court of that county had jurisdiction of the offense. If it did not have jurisdiction, then the discharge of the jury, and the order holding the defendant to answer to whatever indictment might be presented by the grand jury of Webster county, was authorized by sections 5389 and 5391 of the Code, which provide, in substance, that, if the offense was committed within the exclusive jurisdiction of another county of the state, the court may discharge the jury, and direct the defendant to be committed for such time as shall be reasonable to await a warrant from the proper county, or, if the offense be bailable, he may be admitted to bail, etc. The pivotal questions, then, are: (1) Did the district court of Humboldt county have jurisdiction of the offense? (2) Was the offense within the exclusive jurisdiction of the district court of Webster county?

At the trial in Humboldt county the state adduced evidence to show that the offense was committed in that county, and the trial court was evidently satisfied when the state rested its case that it had jurisdiction. Defendant then went on the stand and testified that he did not sign the name in Humboldt county. Thereupon, on motion of the county attorney, and against the objections of defendant, the court made the order to which we have referred. If the evidence as to venue is undisputed, and that evidence shows that the court does not have jurisdiction, then it is clearly the duty of the court to discharge the defendant, and it may make the order authorized by the sections of the statute to which we have referred. But if the evidence is in dispute, or if the state has adduced evidence tending to show venue, then the question is for the jury, and the defendant is entitled to their verdict. That rule is peculiarly applicable to the facts disclosed by the record before

us. Here, as we have said, there was evidence on the part of the state tending to show jurisdiction in the Humboldt district court, and the only evidence to the contrary on which the court assumed to act was the bare statement of defend- and that he did not sign the name "Franklin Rowe" in Humboldt county. That statement may have been absolutely true, and yet the defendant may have been guilty of forging the note in Humboldt county. The evidence shows that the note which it is claimed was forged was partly printed and partly in writing. It had no legal efficacy until the blanks were filled, and the promise given apparent legal effect. Had the defendant signed the name to the printed blank in Webster county, and afterwards filled up the blanks in Humboldt county, there can be no doubt, we think, that he would have been guilty of forgery, and that the venue would have been properly laid in Humboldt count, either because the crime was there committed, or because some of the acts or effects requisite to the consummation of the offense were committed in that county, under section 5157 of the Code. In every criminal case jurisdiction must be shown, and, where there is a dispute in the evidence as to the venue, the jury must determine that dispute, the same as it does any other issue of fact. Had defendant testified, when on the witness stand, that all the acts necessary to make out the offense were committed in another county, it may be (a point, however, that we do not decide) that he could not thereafter be heard to say that the court was in error in accepting his evidence and discharging the jury. But that is not the case. Here he testified simply that he did not sign the name in Humboldt county, and he insisted that, as there was evidence tending to show the jurisdiction of the court, he was entitled to the verdict of the jury on that issue. We think his contention is correct, and that the court of Humboldt county should have submitted the case to the jury.

Under the record, as it is presented to us, the district court of Humboldt county had no authority to discharge the jury, and its act in so doing amounted to an acquittal of the defendant. *State v. Callendine,* 8 Iowa, 288, and cases cited. *State v. Clark,* 69 Iowa, 196, is not in point. There the indictment was held insufficient, and in effect set aside.

Some reliance is placed on section 5157 of the Code, which provides that, "when a public offense is committed partly in one county and partly in another, or when the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties, jurisdiction is in either county." The difficulty with this contention is that it is universally held in such cases that the court first taking jurisdiction holds it to the end. In this case the district court of Humboldt county first assumed jurisdiction, and the indictment was not found in Webster county until after the discharge of the trial jury in Humboldt county. *Ex parte Baldwin,* 69 Iowa, 502; *Carter v. Barlow,* 105 Iowa, 78.

Again, the Webster county court instructed, in effect, that, if the jury found the offense was committed in Humboldt, then they should acquit, but, if they found it was committed in Webster county, then they should convict; and, in answer to the special interrogatory, they found that the blanks in the note were filled out in Webster county. We do not think there was any evidence justifying this special finding; and, if there was, such finding is by no means conclusive. If the blanks were filled out in Webester county, this would not constitute forgery. At most, it would be nothing more than a finding that the crime was partly committed in that county. The evidence showing the forgery to have been committed in Humboldt county is so strong that any other finding is evidently the result of passion or prejudice, and should not be allowed to stand. It is evident that the trial judge did not regard the finding of the Humboldt county court conclusive on the ques-

tion of jurisdiction. If not conclusive, then there was the more reason for that court submitting the issue of venue to the jury that had authority to pass upon the question, i. e. the jury impanelled to try the defendant in Humboldt county.

From whatever point of view, it is apparent that the trial court was in error in not sustaining defendant's motion for a new trial. The evidence shows without dispute that he was put in jeopardy in the Humboldt county district court, and his plea of former acquittal should have been sustained.

It is argued that a confession said to have been made by defendant was not voluntary. There is some conflict in the evidence on this point, and the court submitted that issue to the jury. If there was error, it was without prejudice; for we are of opinion that the evidence shows the confession to have been entirely voluntary. Some other matters are discussed, but it is not important that we consider them. For the error pointed out, the judgment is REVERSED.

GRANGER, J., not sitting.