CASE 87—PROSECUTION AGAINST MAJOR PEARSON FOR FORGERY.—
MARCH 1.

# Pearson v. Commonwealth.

### APPEAL FROM OWSLEY CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

FORGERY—NATURE OF INSTRUMENT—PARENTS' CONSENT TO A MAR-
RIAGE—FALSE MAKING OF CERTIFICATE.

Held:  1. Kentucky Statutes, 1903, section 2106, provides that if one
of the parties be under twenty-one years of age no marriage li-
cense shall issue without the consent of his or her father, guar-
dian, etc., personally given, certified in writing, and attested
by two witnesses, and proved by the oath of one of them, ad-
ministered by the clerk. HELD, that the false making of an
instrument certifying that the one by whom it purported to be
signed thereby gave permission that his daughter might marry,
but which was not attested by witnesses, and which was not
identified and proven under oath on presentation to the clerk,
was not a certificate, within the statute, and hence the false
making of it was not forgery.

E. E. HOGG, ATTORNEY FOR APPELLANT.

1. Our contention in this case is that the indictment charges
no crime.

The writing which appellant is charged with publishing, is
as follows:

"Green Hall, Kentucky, January 4, 1904.—This is to certify
that I have given Major Pearson, or consented for him and
my daughter, Fanny P. Eavans, to marry. You are authorized
to issue license to him.                    JOB EAVANS."

2. A writing to be the subject of forgery must be one which,
if genuine, purports to be worth something, that is, it must
be of some validity and binding force.

3. This writing was worthless and did not authorize the clerk
to issue the license, because no witness attested it as required
by Kentucky Statutes, sec. 2106.

4. Appellant on the trial of the case admitted and now admits.

the allegations of the indictment, and while he knew it was forged and knew who did it, he declined to go on the stand and put the least blame upon his sweetheart, who wrote the instrument. L. R. A., 24 vol., p. 1; Mintons v. Evans, 28 L. R. A., 127.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, FOR APPELLEE.

The allegations contained in the indictment are admitted by appellant, but it is contended that neither the forging nor uttering of the said certificate was done *fraudulently· to obtain possession* of or to deprive another of property, or cause him to be injured in his estate or *lawful rights.*

We contend that the father and guardian has a lawful right to consent or to refuse to consent to the marriage of his infant daughter. He had a right to her services, the right to protect and maintain her until she arrived at age, and could have maintained habeas corpus proceedings against· any one who took charge of her without his consent.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, Major Pearson, was indicted by the grand jury of Owsley county for the crime of uttering and publishing as true a forged writing purporting to have been signed by Job Eavens, consenting that the clerk of the Owsley county court should issue a license authorizing the marriage of his infant daughter, Fanny P. Eavens, to the appellant, and that the clerk of the Owsley county court, relied upon the genuineness of the writing, issued a license for the marriage of the appellant, Major Pearson, and the infant, Fanny P. Eavens. A trial before a jury resulted in appellant's conviction, and his sentence to the penitentiary for a term of two years. The paper which he is charged to have forged, set out in the indictment, is as follows: "Green Hall, Ky., Jan. 4, 1904. This is to certify that I have given Major Pearson my consent for him and my daughter, Fanny P. Eavens, to marry. You are authorized to issue a license to. him. Job Eavens."

The indictment is under the following sections of the Kentucky Statutes of 1903.

"Sec. 2105. No marriage shall be solemnized without a license therefor, issued by the clerk of the county in which the female resides at the time. But where she is of full age or a widow, and it is issued on her application in person, or by writing signed by her, it may be by any county clerk.

"Sec. 2106. If either of the parties be under twenty-one years of age, and not before married, no license shall issue without the consent of his or her father or guardian, or, if there is none, or he is absent from the State, without the consent of his or her mother, personally given, or certified in writing to the clerk over his or her signature, attested by two subscribing witnesses, and proved by the oath of one of them, administered by the clerk. Where the parties are personally unknown to the clerk, a license shall not issue until bond, with good surety, in the penalty of one hundred dollars, is given to the Commonwealth, with condition that there is no lawful cause to obstruct the marriage."

A reversal of the judgment of conviction is asked by the appellant on the ground that the writing alleged to have been forged by him, purporting to have been signed by the girl's father, does not purport to be and is not a certificate within the meaning of the statute, for the reason that it was not attested by two subscribing witnesses as therein required, and was therefore not valid for the purpose for which it purports to have been designed, or sufficient to deceive or mislead the clerk to whom it was directed into the issual of a license to marry. The rule established by the textwriters and the adjudications of this and other States is that a writing invalid on its face can not be the subject of forgery, because it has no legal tendency to effect a fraud.

Bishop's New Criminal Law (volume 2, section 538), quot-

ing Cunningham v. People, 4 Hun, 455, lays down the rule
as follows: "Subsection 1. A writing affirmatively invalid
on its face can not be the subject of forgery, because it has no
legal tendency to effect a fraud." "Subsection 3. Whether
a bond or other instrument is valid is a question of law,
and if, therefore, a statute authorize a writing of this sort
not known to the common law, and so prescribes its form
as to render any other null, forgery can not be committed
by making a false statutory one in the form thus invalid
by the statute, even though it is so like the genuine as to
deceive most persons. For example, it is not indictable to
forge a will attested by less witnesses than the law requires."

"Legal forgery can not be made out by imputing a possible,
or even actual, ignorance of the law to the person intended
to be defrauded; however dark may be the moral hue of a
transaction, courts of justice can only act upon a legal crime
upon criminal breaches of perfect legal operation." People
v. Shall, 9 Cow., 778.

"Howsoever clear the fraudulent purpose, unless the writ-
ing is sufficient to accomplish that purpose it is not a forgery,
since, without a single exception, actions only, and no evil
intentions, are punishable by the English law." See Hammond
Digest, c. 1, 142, "Forgery."

In the very elaborate note to the case of People v. Munroe,
100 Cal., 664, 35 Pac., 326, reported in 24 L. R. A., 33,
38 Am. St. Rep., 323, the editor has collated a large num-
ber of cases in which the question involved in this case is
elaborately considered, and the general principle announced
that "a writing void on its face, because of the want of the
legal requisites to its validity, is not the subject of indict-
ment for forgery in consequence of its incapacity to effect
fraud."

It was essential to the validity of the writing which is the basis of this prosecution that it should have been attested by two subscribing witnesses, and even then the county court clerk was not authorized to issue the license on the strength of it, unless it was identified and proven under oath by one of the subscribing witnesses.

We therefore conclude that the paper in controversy does not purport to be and is not a certificate of consent by the father in the meaning of section 2106 of the Kentucky Statutes of 1903, and that the defendant was not guilty of the crime charged in the uttering and publishing of it, as alleged.

The judgment of the trial court is therefore reversed, and cause remanded for proceedings consistent with this opinion.