## Blankenship v. Commonwealth.

(Decided April 17, 1912.)

### Appeal from Floyd Circuit Court.

1. Criminal Law—Where Evidence Creates But Mere Suspicion of Guilt—Peremptory Instruction.—Upon the trial under an indictment where the evidence creates but a mere suspicion of guilt on the part of the accused, and this suspicion was dispelled by the evidence in his behalf and as a whole, a peremptory instruction directing the acquittal of the accused should be given.

2. Peremptory Instruction.—The trial court has the same right and authority to give a peremptory instruction in a criminal case that he has in a civil proceeding.

A. J. MAY for appellant.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellee.

Opinion of the Court by Judge Settle—Reversing.

Appellant was by verdict of a jury and judgment of the Floyd Circuit Court convicted of the crime of grand larceny, and his punishment fixed at confinement in the penitentiary from two to five years. We are asked on this appeal to reverse the judgment upon the ground that there was no evidence to support the verdict; and because of error on the part of the trial court in refusing to peremptorily instruct the jury at the conclusion of the evidence to acquit appellant.

Appellant was jointly indicted with his brother, Pete Blankenship, but was given a separate trial.

The property alleged to have been stolen consisted of twenty pairs of shoes, the property of the North East Coal Company, a corporation engaged in mining and selling coal at Auxier Station in Floyd County. The North East Coal Company owned a general store in which it kept for sale such merchandise as was needed by persons in its employ. The shoes had been ordered for the store and had not been removed from the box car in which they were shipped. While the car was standing on a side track it was broken open and the shoes stolen.

At the time the shoes were stolen, September 20th, 1910, Pete Blankenship was living at Auxier and was in the employ of the North East Coal Company. The appellant, Tom Blankenship, lived in Johnson County, twelve or fourteen miles from Auxier, and according to the evidence had not been seen at Auxier for a year or more before the shoes were stolen. He was there, however, in October, several weeks after the shoes were stolen.

Upon discovering the theft of the shoes, the North East Coal Company employed one Dan Price, a detective, to apprehend the criminals. Price soon learned that Pete Blankenship had been selling shoes of the class stolen from the car and he at once arrested him and found in his house three pairs of the stolen shoes and in the possession of other persons three additional pairs to whom Pete Blankenship had sold them. The sale of the shoes to those persons was admitted by Pete Blankenship, who also admitted that he had sold eight pairs to his brother, the appellant, Tom Blankenship.

Pete claimed, however, to have purchased all the shoes of a man by the name of Atkins, who assured him he had bought them. Two witnesses whose characters were not attacked, testified to the sale of the shoes by

Atkins to Pete. Atkins did not testify and his whereabouts at the time of Pete's arrest seemed to be unknown.

After learning from Pete that he had sold appellant eight pairs of the shoes, Price, the detective, went to the home of appellant in Johnson County and arrested him. Appellant had not heard of Pete's arrest, but when taken in custody by Price he promptly informed him that he had purchased the eight pairs of shoes from Pete at the price of $10; that when he bought the shoes of Pete he told him he did not want them if there was anything wrong about Pete's ownership of them, and that Pete said it was all right and he had bought the shoes of Atkins. There had been no attempt to conceal the shoes in appellant's possession. A pair of them were on his feet; two other pairs were on the floor of his house in plain view, and the others in a closet of the same room.

The only fact appearing from the foregoing evidence that can be said to create a suspicion of appellant's guilt, was his possession of some of the shoes; and his explanation of such possession was entirely consistent with his innocence. Not another fact or circumstance appearing from the evidence connected him in the remotest degree with the theft of the shoes from the car.

The evidence would not have been sufficient to convict appellant even of receiving the shoes as stolen property as it furnishes no proof of a guilty knowledge on his part that they had been stolen. Kentucky Statutes, section 1199; Alison v. Commonwealth, 83 Ky., 254; Young v. Commonwealth, 4th R., 55.

According to the evidence he had no reason for doubting his brother's statement, made when he purchased of him the shoes, that he had bought them of Atkins; and $10, the price appellant paid his brother for the eight pairs of shoes, closely approximated their value, the shoes being of a cheap grade suitable for the use of miners.

As the evidence of the Commonwealth created but a mere suspicion of guilt on the part of appellant, and this suspicion was dispelled by the evidence in his behalf and as a whole, his acquittal should have been directed by a peremptory instruction from the trial court.

In Murphy v. Commonwealth, 33 R., 141, in discussing the power of the trial court in a similar case we said:

"The trial judge has the same right and authority to

give a peremptory instruction in a criminal proceeding that he has in a civil action. And if the evidence introduced in behalf of the Commonwealth fails to incriminate the defendant, or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right, but the duty of the trial judge to instruct the jury to return a verdict of not guilty. * * * This rule of practice is not found directly in either the Code or Statutes, but it is firmly established as a part of the Criminal Jurisprudence of the State, and is uniformly applied by this court in considering appeals in criminal cases where a reversal is asked because the verdict is flagrantly against the evidence, or is not supported by sufficient evidence; and should control the lower courts in the disposition of criminal cases." Vowells v. Commonwealth, 83 Ky., 193; Patterson v. Commonwealth, 86 Ky., 313; Lucas v. Commonwealth, 147 Ky., ante.

If there should be another trial of this case and the evidence relied on for a conviction does not materially differ from that of the former trial, the jury should be peremptorily instructed to find defendant not guilty.

For the reasons given the judgment is reversed and cause remanded for a new trial consistent with the opinion.