## Commonwealth v. Davis.

(Decided October 10, 1922.)

## Appeal from Rockcastle Circuit Court.

1. Forgery—How Public Official May Be Guilty of Forgery.—A public official may be guilty of forgery by signing his own name to an instrument calculated to induce another to give credit to it as genuine and authentic, when in fact it is false and deceptive; but the instrument must be fraudulently executed, and must on its face appear to be possessed of legal efficacy, and such as will deceive persons into believing the same to be genuine and authentic.

2. Forgery—Where an Instrument is Not Legal Signing it Not a Forgery.—A county school superintendent acting as secretary of the county board of education, who signed her own name as sec-

retary to an unauthorized order for money out of the treasury, but left on the face of the instrument a blank space for the signature of the chairman of the board, and neither she nor the chairman nor anyone else signed the name of the chairman, and the space for his name was left blank, the instrument on its face evidenced no legal efficacy and the secretary was not, therefore, guilty of forgery.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and W. N. FLIPPEN for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

The appellee was charged in an indictment returned by the Rockcastle county grand jury with forgery, committed in manner and form as follows, to-wit:

"The said Mrs. Alice Davis, in the county and Commonwealth aforesaid, on the 24th day of November, 1921, and within twelve months before the finding of this indictment, being the duly elected, qualified, and acting county superintendent of schools, in and for Rockcastle county, Kentucky, and secretary of the county board of education for said county, did unlawfully, fraudulently, corruptly, feloniously, and without the knowledge, consent or authority of the said board of education, and without legal right, write, issue, and forge what purported to be a voucher authorizing the payment out of the state and county funds, for said county the sum of fifteen dollars ($15.00), to Lily Mullins, which was in words and figures as follows:

" 'State of Kentucky, Mt. Vernon, Ky., Nov. 24th, 1921, county of Rockcastle. It is ordered by the county board of education, that Lily Mullins be allowed and paid by the treasurer of this board the sum of fifteen dollars ($15.00) for teaching in 41 subdistrict. Present for payment at the People's Bank, Mt. Vernon, Kentucky.

Chairman County Board of Education.
ALICE DAVIS,
Secretary County Board of Education.'

"The said People's Bank, being a corporation organized under the laws of the United States of America, and of the Commonwealth of Kentucky, and authorized to carry on a general banking business in Mt. Vernon, Ky., and at the time was so engaged, the defendant issued,

signed, wrote and forged the said voucher without the knowledge or consent of the said county board of education, or the chairman thereof, and with the intent to deprive the said county board of education of Rockcastle county thereof, and said Lily Mullins was not entitled to $15.00 or any other sum from said county board of education, or any other sum, and said board was not indebted to her for any sum.''

The trial court, after the introduction of the evidence for the Commonwealth, directed the jury to find her not guilty, and the Commonwealth has appealed for the purpose of having the law certified.

Waiving the question whether defendant's demurrer to the indictment should have been sustained, and going directly to the point whether the evidence authorized a submission of the case to the jury, we find the evidence shows in substance that Mary Mullins, the sister of Lillian Mullins, had a certificate to teach school and was teaching school in subdistrict number 41 of Rockcastle county; that Mary Mullins was taken sick and appellee, the county school superintendent, thereafter employed Lillian Mullins as an emergency teacher to temporarily teach the school during the illness of her sister, and that Lillian Mullins had no certificate, and that her selection as emergency teacher was agreeable to the trustee of that subdistrict; that a while after Lillian Mullins had been so teaching at this school, which appears to have been in a remote section of the county, she wrote to the appellee, county superintendent, to send her fifteen dollars, that is, to get the money and send it to her, because it was difficult to get a check or order cashed in the neighborhood where she was teaching; that, accordingly, the instrument copied in the indictment above was signed by Mrs. Davis and Mrs. Davis sent her the money.

The substance of the evidence of the chairman of the county board of education is that there was a general order on the record book of the board to pay the teachers of the county and that it was the understanding and agreement that the appellee as superintendent should make out these vouchers for teachers, to be signed by her as secretary of the board, and that when so made out he signed them as president of the board; that it was his custom generally to sign them after she did, and sometimes even after the vouchers had gone through the bank; that he had an arrangement with the cashier of the bank to pay off such vouchers as they came in, and to there-

after present them to him for his signature, but in fact he had never signed the voucher involved in this indictment.

While it is true a public official may be guilty of forgery by signing his own name to an instrument calculated to induce another to give credit to it as genuine and authentic, when in fact it is false and deceptive (Commonwealth v. Wilson, 89 Ky. 157), yet such an instrument must be fraudulently executed and must on its face appear to be possessed of legal efficacy, and such as will deceive persons into believing the same to be genuine and authentic.

Here, however, we have an instrument signed alone by the secretary of the county board of education, and on the face of that instrument there is left a blank space for the signature of the chairman of that board; and not only did appellee not sign the name of the chairman but neither the chairman nor anyone else ever signed his name. So that the instrument on its very face failed, in the absence of the signature of the chairman of the board, to hold out to anyone that the same was a genuine, or legal or binding act of the county board of education.

It is difficult to understand how any person of ordinary intelligence could have deemed this writing to have been binding upon that board, or to be such an instrument as could have been enforced.

It is apparent, therefore, that the writing not appearing on its face to have any legal efficacy, and not purporting on its face to be a binding obligation of the board of education, and appellee having signed nobody's name thereto except her own name as secretary, and there being a total failure to show under the evidence that any fraud or misappropriation was intended, the action of the lower court in directing a verdict of not guilty was proper. Commonwealth v. Wilson, 89 Ky. 157; Pearson v. Commonwealth, 117 Ky. 731; Commonwealth v. Cochran, 143 Ky. 809.

It may be proper to say further that while appellee as county superintendent had no authority under the law to employ, even for emergency purposes, one to teach who had no certificate, yet the evidence discloses that such had been the custom in that county, and there is a total failure to show any purpose or design upon her part to defraud the public, or anyone, by the execution of the paper in question.

Judgment affirmed.