## Robinson v. Commonwealth.

(Decided December 10, 1926.)

### Appeal from Spencer Circuit Court.

1. Forgery—"Forgery" is False Making or Material Alteration of Writing, Apparently of Legal Efficacy or Foundation of Legal Liability, with Intent to Defraud.—"Forgery" is false making or material alteration, with intent to defraud, of any writing, which is of apparent legal efficacy, if genuine, or foundation of legal liability.

2. Forgery—Accused's Signature of Forged Name or Preparation of Forged Instrument Need Not be Shown to Authorize Conviction. —To authorize conviction of forgery, it is not necessary to show that accused signed forged name or prepared forged instrument himself, but it is sufficient if he was present and caused it to be signed or prepared.

3. Forgery—Filling in Payee's Name and Amount of Check at Defendant's Request Became Part of Forgery, when Ostensible Maker's Name was Signed.—Writing ostensible maker's name on check, after payee's name and amount were filled in by another at defendant's request, completed offense of forgery, and, relating back, made part of it every act, requisite to its consummation, done or caused to be done by defendant with intent to defraud.

4. Criminal Law—One Causing Another to Fill in Body of Check in Certain County Held Indictable Therein, Though Ostensible Maker's Name was Not Signed Therein (Criminal Code of Practice, Section 21).—One causing payee's name and amount of check to be written in by another in certain county held indictable therein for forgery, under Criminal Code of Practice, section 21, whether or not ostensible maker's name was signed in such county.

CLEM W. HUGGINS and W. R. REASOR for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Rees—Affirming.

The appellant, Alga Robinson, was indicted in the Spencer circuit court charged with the crime of forgery and on his trial was convicted, his punishment being fixed at confinement in the penitentiary for two years. The sole question raised on this appeal is one of venue, the appellant's contention being that the proof fails to show the act constituting the forgery occurred in Spencer county.

The proof shows that appellant requested Tyler Smith at the latter's place of business in Waterford, which is in Spencer county, to write a check on the People's Bank of Taylorsville. Smith wrote "Leonard Robinson" in the space provided for the name of the payee and "145.00" in figures and the words "One hundred forty-five no/100" in the spaces provided for the amount, and on the lower left corner of the check he wrote "2 mules," all at the request and direction of appellant. Appellant then took the check, saying he would have it signed later. He later appeared at the People's Bank in Mt. Washington in Bullitt county and presented the check, which had been dated and on which had been written the name of A. P. Washburn as maker. On the back of the check had been written "Leonard Robinson." This endorsement was shown to be in appellant's handwriting. He was paid $145.00 by the People's Bank of Mt. Washington, and the check was later paid by the People's Bank of Taylorsville and charged to the account of A. P. Washburn, who was a depositor of the latter bank. There is no direct proof showing the check was dated or the name of A. P. Washburn written thereon, in Spencer county.

Forgery as defined in Bishop's Criminal Law, vol. 1, sec. 572, is "the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability." This definition of forgery was approved in Commonwealth v. Wilson, 89 Ky. 157, 12 S. W. 264; Moore v. Commonwealth, 92 Ky. 630, 18 S. W. 833, and Commonwealth v. Fenwick, 177 Ky. 685, 198 S. W. 32. To authorize a conviction for forgery it is not necessary to show that the accused signed the forged name or prepared the forged instrument himself; it is sufficient that he was present and caused the name to be

signed or the instrument to be prepared. Hughes v. Commonwealth, 89 Ky. 227, 12 S. W. 269. The check in question without the acts of Smith, done at the request of appellant, would have been without apparent legal efficacy, but writing the name of A. P. Washburn thereon as the ostensible maker completed the offense and, relating back, made a part of the offense every act requisite to the consummation thereof done or caused to be done by appellant with intent to defraud. The opinion in Commonwealth v. Clubb, 13 Ky. Law Rep. 416, 17 S. W. 281, recognizes that acts done at separate times and places may constitute the crime of forgery. In that case the court said: "If forgery be committed by one person doing one part of it, at one time and place, and another person another part, at a different time and place, then, of course, both are guilty."

Section 21 of our Criminal Code is, in part, as follows:

"If an offense be committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either county."

This section of the Code is remedial in its character and its object was to extend the lines of jurisdiction beyond the limits prescribed by the common law, and thus prevent a miscarriage of justice. The case before us comes within this section of the Criminal Code, for the purpose to commit the crime of forgery was formed in Spencer county and the plan of carrying it into execution was there resolved upon and partly executed there by appellant by his causing the body of the check to be written, which was an act necessary to give the check apparent legal efficacy and one of the acts constituting the crime. In State v. Spayde, 110 Iowa 726, 80 N. W. 1058, the Supreme Court of Iowa had before it for construction a statute similar to section 21 of our Criminal Code. In that case the defendant was indicted and tried in Humboldt county. At the trial he testified that he did not sign the name "Franklin Rowe" to the note in Humboldt county but signed it in Webster county. Thereupon the court trying the case ordered the jury discharged and dismissed the indictment. Defendant was indicted for forgery in Webster county and at the trial there interposed a plea of former jeopardy, and the

Supreme Court of Iowa held this plea was good. The court said:

"Here, as we have said, there was evidence on the part of the state tending to show jurisdiction in the Humboldt district court, and the only evidence to the contrary on which the court assumed to act was the bare statement of defendant that he did, not sign the name 'Franklin Rowe' in Humboldt county. That statement may have been absolutely true, and yet the defendant may have been guilty of forging the note in Humboldt county. The evidence shows that the note which it is claimed was forged was partly printed and partly in writing. It had no legal efficacy until the printed blanks were filled, and the promise given apparent legal effect. Had the defendant signed the name to the printed blank in Webster county, and afterwards filled up the blanks in Humboldt county, there can be no doubt, we think, that he would have been guilty of forgery, and the venue would have been properly laid in Humboldt county, either because the crime was there committed, or because some of the acts or effects requisite to the consummation of the offense were committed in that county."

As the acts done by appellant in Spencer county were some of the acts constituting the crime of forgery with which he was charged, and as they were material and essential to the crime, he was indictable in that county, irrespective of where the name of A. P. Washburn was written. The trial court, therefore, did not err in overruling appellant's motion for a directed verdict.

Judgment affirmed. The whole court sitting.