## Commonwealth v. Russell et al.

(Decided January 23, 1931.)

J. W. CAMMACK, Attorney General, and J. S. SANDUSKY, Commonwealth Attorney, for appellant.

J. M. KENNEDY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Edward Russell and Forest Parmley were indicted for the murder of Otto Prince in the Wayne circuit court. At the conclusion of the evidence for the commonwealth, Edward Russell moved the court to instruct the jury peremptorily to find for him. The court took the motion under advisement, and at the conclusion of all the evidence sustained the motion. The commonwealth has brought the case here, insisting that the peremptory instruction should not have been given, and asking that the law of the case be certified.

The facts shown by the proof are these: Otto Prince was twenty-two years old, Edward Russell was about the same age, and so were the other parties below named, except Forest Parmley, who was seventeen. Edward Russell came to the church that night riding behind Forest Parmley on a mule. Noah Conn was also there, riding a mule. After the services, Carlos Patrick took Miss Grace Stevenson by the arm to walk home with her. She jerked back, and Edward Russell walked home with her to Andy Spradlin's where she lived. Conn and Parmley followed along on their mules to bring Russell back. Spradlin lived a short distance off the road, and, when they got back to the road, Otto Prince, the two Patricks, and some others were there at the road. Nothing occurred then. Russell was riding behind Parmley on the mule. The men on foot followed them back to the church, and, after they had passed the church and got down to Tom Brown's place, Prince hollered to Russell and asked him if he was doing any good with that girl, and Russell said, "No." Prince then made some remark about the women down here and how different they were up where he had been working. Forest Parmley said, "Why don't you go back up there where they are?" Prince said, "Why don't you make me," Parmley said, "I am big enough to make you go back." Thereupon Prince cursed Parmley, and he

replied in kind, each calling the other a S. O. B. Finally Prince said, "Do you want to fight?" Russell did not say anything; Parmley said, "You don't mean to fight do you Otto?" and he said, "Yes, sir," and he pulled his coat off and then put it back on and started towards the two boys on the mules, and Parmley struck him with a stick about the size of an ordinary broom stick and about two feet long. He was pretty close up with them when Parmley struck him. Prince had nothing in his hands. They both had sticks. Parmley hit him; he staggered back and threw a rock or something at them, and they went away.

As to who hit Prince, we quote the following from the testimony of the only witness the commonwealth introduced on the subject:

"Q. I believe you say you heard the lick? A. Forest struck him.

"Q. Was Edward on the mule on behind Forest? A. Yes, sir.

"Q. Were you looking at him all the time? A. Both of them.

"Q. Did Edward Russell strike him? A. He struck, he might have struck the mule.

"Q. You say you saw the two licks that hit Otto? A. I saw one.

"Q. Which hit him? A. Forest.

"Q. When you saw Edward he struck the mule and they left then? A. When he struck the mule started.

"Q. You are not going to tell the jury Edward Russell struck Otto Prince? A. No, sir.

"Q. If he did you never saw it? A. If he did I never saw it, if he hit him."

The defendant introduced six or eight witnesses who were present at the time, and their testimony is to the effect that, when Prince came up and Parmley struck him, Russell struck the mule to make the mule go forward, and, when the mule jumped, Prince threw a whisky jar at them which missed them. According to the testimony of all the witnesses, the quarrel was between Parmley and Prince. Russell said nothing. The testimony for the defendant also showed that Prince weighed about 180 pounds and was drinking; that after the difficulty he went on to Russell's mother, where Russell

lived, and, when Russell walked up after putting up the mule, he struck him over the head with a stick and knocked him down. But Russell got away from him and went on in the house. Prince by this time was acting crazy. It turned out that his skull was fractured and he died a few days later. Russell was a sweetheart of Miss Grace Stevenson, and Prince was a rival. The question presented is, Was there any evidence that Russell killed Prince?

The well-settled rule as to when the court may instruct the jury to find the defendant not guilty is thus stated in Anderson v. Commonwealth, 196 Ky. 35, 244 S. W. 315, 317:

"We are further aware of the thoroughly established and long-followed rule of this court, that, where there is any substantial probative evidence in the trial of a criminal case, the guilt or innocence of the defendant should be submitted to the jury by appropriate instructions although a conviction based thereon would be regarded as flagrantly against the evidence; but that rule goes no further, and it does not interfere with the right and authority of the court to direct an acquittal when there is no substantial probative evidence to establish the guilt of the defendant on trial."

See, to same effect, Com. v. Murphy, 109 S. W. 353, 33 Ky. Law Rep. 141; Wilson v. Com. (Ky.) 121 S. W. 430; Blankenship v. Com., 147 Ky. 768, 145 S. W. 752.

The trial judge has the same right and authority to give a peremptory instruction in a criminal proceeding that he has in a civil action. See cases above cited. In civil cases the well-settled rule is that a peremptory instruction should be given in the absence of evidence of probative value. See Burdon v. Burdon's Adm'x, 225 Ky. 481, 9 S. W. (2d) 220.

Here there was no evidence of probative value that Russell struck Prince or was in the quarrel in any way. The evidence introduced by him in no wise strengthened the commonwealth's proof, but, on the contrary, established facts showing that he only struck the mule to make him go forward and get away from Prince. At the church Prince had pushed Parmley off the bench. The peremptory instruction for Russell was properly given.

The law is so certified.