## Commonwealth v. Johnson.

(Decided May 16, 1933.)

BAILEY P. WOOTTON, Attorney General, and E. J. FELTS for appellant.

O. M. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Certifying the law.

In the month of February, 1932, the grand jury of Logan county indicted Noble Johnson for the crime of fraudulently selling, concealing, and disposing of mortgaged personal property. The indictment was returned under section 1358a, Kentucky Statutes, reading as follows:

"That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the

money, property or other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars.''

The facts developed on the trial are these: Johnson, who lived in Logan county, traded cars with W. N. Brake, and on October 2, 1931, executed and delivered to him a mortgage on the car which he received in exchange to secure the difference in price. The mortgage was duly recorded in Logan county on October 29, 1931. About the first of November, 1931, Johnson met Howard Hopkins in Simpson county and there sold and traded him the car covered by the mortgage. It is not clear from the evidence of Hopkins, the prosecuting witness, that the sale took place after the mortgage was recorded. According to Johnson and others the sale took place before that time. On this showing the trial court was of the opinion that the court was without jurisdiction, and remanded the case to the Simpson circuit court. The commonwealth has appealed for the purpose of having the law certified.

The applicable statutes are sections 1145 and 1146, Kentucky Statutes, and sections 18 and 21 of the Criminal Code of Practice, reading as follows:

''1145. All offenses shall be tried in the courts, or by the tribunals, of that county or city having jurisdiction of them in which they were committed, except in cases otherwise provided for.

''1146. When it is a matter of doubt, in the opinion of the court, in which of two or more counties the offense was committed, the court of either in which the indictment is found shall have jurisdiction of the offense.

''18. The local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held.

''21. If an offense be committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either county. (But

all prosecutions against persons publishing a newspaper for any libelous matter contained therein shall be had in the county where the same is printed and issued, or in the county where the party complaining resides.)''

It is clear from section 18, Criminal Code, and section 1145, Kentucky Statutes, supra, that the venue of criminal prosecutions is ordinarily in the county where the crime is committed, but the commonwealth insists that under section 1146, Kentucky Statutes, supra, and section 21, Criminal Code, supra, the crime charged in the indictment may be tried either in the county where the mortgage is recorded, or in the county where the fraudulent sale, concealment, or disposal takes place. In our opinion section 1146, Kentucky Statutes, supra, has no application to a case of this kind. It was enacted to meet a situation where the crime was committed near the dividing line of two or more counties, and the facts disclosed by the evidence raise a doubt in the mind of the court as to the county in which the crime was actually committed. It does not deal with a case where the facts are admitted and the court entertains a legal doubt as to the venue of the action. Otherwise a prosecution might take place in any county in the state if the court was doubtful as a matter of law as to where it should be tried. Nor can it be fairly said that the case falls within section 21, Criminal Code, supra, providing that if an offense be committed partly in one and partly in another county, and that if acts and their effects constituting the offense occur in different counties, the jurisdiction is in either county. That provision is applicable where a thief takes property in one county and carries it into another, Allison v. Commonwealth, 83 Ky. 254, or where the wounding occurs in one county and the death in another, Hargis v. Parker, 85 S. W. 704, 27 Ky. Law Rep. 441, 69 L. R. A. 270, or where a threatening letter is mailed in one county and received in another, Commonwealth v. Morton, 140 Ky. 628, 131 S. W. 506, Ann. Cas. 1912B, 454, or where false pretenses are made in one county and the money or property is obtained in another, Commonwealth v. Van Tuyl, 1 Metc. 1, 71 Am. Dec. 455, or where one causes another to fill in the body of a check in one county and the maker's name is forged in another county, Robinson v. Commonwealth, 217 Ky. 129, 288 S. W. 1044, and like cases where the offense is committed partly in one and

partly in another county, and the acts and their effects. constituting the crime occur in different counties. Here no part of the sale or trade took place in Logan county. All that the evidence discloses is that Hopkins met Johnson in Simpson county and there the sale took place. In the circumstances it cannot be said that the offense was committed partly in one county and partly in another, or that Johnson did any act in Logan county that led to the consummation of the sale in Simpson county. The case is simply one where the entire offense was committed in Simpson county.

But it is pressed in argument that the gist of the offense is the fraudulent act for the purpose of defeating the lien; that in case of the removal of the property from the state the offense is necessarily committed in the county where the mortgage is recorded; and that if that be true there is no reason why the venue is not in the same county where the offense charged is the fraudulent selling or fraudulent concealing or the fraudulent disposing of the property mortgaged. We cannot accede to the main proposition. If the removal be from a county on the border of another state, the act of removal begins and ends there, and the crime is committed in that county. If, however, the act of removal is begun in one county and accomplished by traversing several counties, the crime is like that of a thief who steals property in one county, and to accomplish his purpose carries it into other counties, and may be prosecuted in any county through which the property is carried. That being true, it does not follow that for a fraudulent sale or concealment or disposal of the property the offense may be tried in the county where the mortgage was recorded unless it is made to appear that the offense was begun, or some portion of it was committed, in that county.

Wherefore, this opinion is certified as the law of the case.