## Daniels v. Commonwealth.

(Decided September 20, 1918.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Sufficiency of Indictment.—The Court of Appeals, in the absence of the entering or filing of a demurrer to the indictment, will not determine whether or not the circuit court should have held it bad on demurrer. But where a new trial is sought in the circuit court by the defendant in the indictment, following his conviction thereunder, upon the ground

that the facts alleged in the indictment do not constitute a public offense in the jurisdiction of the court, such ground will be treated by the appellate court as a motion in arrest of judgment, and it will review the action of the circuit court in order to determine whether it erred in ruling that the facts alleged in the indictment do constitute a public offense in the jurisdiction of that court.

2. Forgery—What Constitutes Crime of.—Forgery is the false making, or materially altering, with intent to defraud, of any writing, which; if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. A deed or certificate of acknowledgment may be the subject of forgery; and the forgery by a deputy county court clerk of a certificate of acknowledgment to a deed is as much a crime as would be the forging of the deed of which it is a part.

3. Forgery—Confession of Guilt—Evidence.—The facts alleged in the indictment in this case constitute the crime of forgery, and as the defendant's plea of guilty was a confession that he, with the intent to defraud, made a false certificate of acknowledgment to the deed, as charged in the indictment, his conviction properly resulted at the hands of the jury.

R. H. COOPER, JAMES M. ROBERSON, WILLIS STATON and O. A. STUMP for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The appellant, G. C. Daniels, was convicted in the court below of the crime of forgery, and his punishment fixed by the verdict of a jury at five years' confinement in the penitentiary. He was jointly indicted with his father, John P. Daniels, who was charged with forging the body of a deed, the name of the grantor thereto and the uttering of the instrument; and the appellant, who was deputy clerk of the Pike county court, with the forging of the certificate showing the acknowledgment of the deed by the grantor, to which he signed the name of J. E. Ratliff, clerk of the Pike county court, by his own name as deputy clerk. The deed, which is set out in full in the indictment, purports to have been executed by James C. Justice to John P. Daniels and to convey the latter, in consideration of the sum of $500.00, the tract of land therein particularly described. It is substantially charged in the indictment that the deed, as well as the name of the alleged grantor appearing thereto, was coun-

terfeit and a forgery, written and the acknowledgment thereto certified, without the knowledge or consent of Justice; and that it had not been signed or acknowledged by him, which facts were well known to both G. C. Daniels and John P. Daniels at the time of the forgery of the deed and certificate, and that they did unlawfully, wilfully, corruptly, fraudulently and feloniously make and commit the forgeries mentioned with the intent to thereby defraud and injure Justice and deprive him of his property. The indictment also charges that John P. Daniels, being present at the time, did aid, assist, encourage, advise and cause G. C. Daniels to forge and sign the false certificate to the deed.

The defendants were given separate trials, and John P. Daniels being first tried was convicted of the crime of uttering the forged instrument, but it does not appear from the record before us for what length of time the verdict of the jury directed his confinement in the penitentiary. Upon the calling for trial of the prosecution against the appellant, G. C. Daniels, and following the empaneling of the jury selected to try him, he waived a formal arraignment and entered a plea of guilty to the charge of forgery contained in the indictment. But thereafter, before the submission of the case to the jury, and without withdrawing his plea of guilty, he requested the trial court to peremptorily instruct the jury to find him not guilty. This the court refused to do and submitted the case to the jury under an instruction directing them to find him guilty upon his plea to that effect, and to fix his punishment as provided by the statutes for such an offense.

Appellant excepted to the ruling of the court refusing the peremptory instruction asked by him and objected to the instruction that was given. The jury, by their verdict, found appellant guilty of the crime charged and fixed his punishment at confinement in the penitentiary for a term of five years. He filed motion and ground for a new trial, which the court overruled, complaining of which, and of the judgment of conviction, he has appealed.

One of the grounds urged by the appellant's counsel for a reversal of the judgment is that the trial court erred in not sustaining a demurrer to the indictment. We are at a loss to understand why this complaint should be made, as the record fails to show that appellant filed

or entered a demurrer to the indictment. The sufficiency of the indictment could have been tested by demurrer, but as this was not done, we are not called upon to declare what ruling the trial court should have made upon a demurrer, if filed or entered to the indictment. The question of the sufficiency of the indictment is, however, attempted to be raised by appellant in one of the grounds filed in support of his motion for a new trial, wherein it is claimed that the facts alleged in the indictment do not constitute a public offense in law.

We are disposed to treat this complaint as a motion in arrest of judgment, as allowed by sections 275-276, Criminal Code, as upon such motion it may be determined whether the facts stated in the indictment do or do not constitute a public offense within the jurisdiction of the court. Section 277 provides that such motion may be made at any time before a judgment, or after judgment during the same term of court; and the court, even without a motion from the defendant, may, as allowed by section 278, arrest the judgment upon discovering that the facts stated in the indictment do not constitute a public offense within its jurisdiction. Counsel do not base their contention that a public offense has not been stated by the indictment, upon any defect therein pointed out by them, or failure to allege any fact constituting an essential element of the crime of forgery, but content themselves with saying that neither the forged deed in this case nor the certificate thereto which appellant is charged to have forged, is or can be the subject of forgery.

Kentucky Statutes, section 1185, declares a deed to be a subject of forgery, and that if any person shall forge or counterfeit any deed, etc., or utter it as true, he shall be guilty of forgery and confined in the penitentiary not less than two nor more than ten years. It is true that this section does not expressly denounce the making of a false certificate of acknowledgment to a deed an offense constituting the crime of forgery, but, manifestly, the certificate is a part of the deed, and the forgery in part of a deed, in fact, any part thereof, would seem to be as much a crime under this section as would the forging of the entire instrument. But if it could be claimed with any show of reason that the forging of the certificate of acknowledgment to a deed is not an offense under section 1185, it certainly is an offense under section 1188, which provides:

"If any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain the possession of or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it to be forged and counterfeited, he shall be confined in the penitentiary not less than two years nor more than ten years."

It will be observed that the punishment prescribed by this section is the same as that found in section 1185.

In Moore v. Commonwealth, 92 Ky. 630, it was held that a deputy clerk of a county who drew and signed a false certificate to a witness claim was properly convicted under section 1188. In the opinion it is said:

"It is therefore urged the request of the accused to direct the jury to find him not guilty should have been granted upon the ground that there was a fatal variance between the charge in the indictment and the evidence. In other words, that he was charged with making the paper without authority, while the evidence showed he was authorized to sign the clerk's name to it, but that it was false. He had no authority, however, to make a false certificate. It could not have been conferred. Although he was authorized to sign the clerk's name to witness certificates, yet if he did so to a false one made out by him, it was forgery. 'It,' says Blackstone, 'is the fraudulent making or alteration of a writing to the prejudice of another man's rights.' Another leading writer says it is 'the false making, or materially altering with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.' (1 Bishop on Criminal Law. section 527.)"

The indictment here charges that the forging of the false certificate by appellant to the deed in question was unlawfully, corruptly and feloniously made with the intent to defraud James C. Justice, the pretended grantor in the deed; and the instrument as a whole, if it had been genuine, would have passed to the grantee named in the deed the title thereby conveyed. It is argued by counsel for appellant that if the deed had been genuine the mere signing of it by the grantor would have been sufficient to pass the title to the grantee without any acknowledgment or certificate showing its acknowledgment. Therefore, the certificate to the deed, though executed by appellant, added nothing to its validity, for which reason,

though false, it was not a material part of the deed or such a writing as could be the subject of forgery. This argument is wholly fallacious. It is true that the mere signing and delivery of a deed by the grantor would pass to the grantee the legal title to the land described therein, but it could not be recorded until acknowledged as required by the statute in such case provided. The acknowledgment and certificate of that fact perfects the deed for recording. Therefore, the false making of the certificate of acknowledgment with intent to defraud, which, if genuine, might apparently be of legal efficacy in perfecting the deed either for the purpose of conveying a legal title or making it the foundation of a legal liability, would necessarily constitute forgery. It would be a most dangerous thing to hold that a deputy county court clerk can make a false certificate of acknowledgment to a deed without being guilty of forgery.

We think the indictment good, and as the appellant's plea of guilty was a confession that he made a false certificate of acknowledgment to the deed in question as charged in the indictment, and the facts alleged in the indictment constitute the crime of forgery denounced by the statute, he must suffer the penalty therefor inflicted by the verdict of the jury and the judgment of the trial court. Therefore, the refusal by the trial court of the instruction asked directing his acquittal was not error.

Wherefore, the judgment is affirmed.