## Montgomery v. Commonwealth.

(Decided October 15, 1920.)

### Appeal from Daviess Circuit Court.

1. Forgery—Uttering or Publishing Forged Instrument.—Knowledge of the forgery is made an element of the crime of uttering a forged check by section 1189 Kentucky Statutes; and an instruction authorizing a conviction if defendant knew or believed the check was a forgery, was error and prejudicial.

2. Forgery—Indorsement of Forged Check.—The fact that a forged check had not been indorsed by the payee, when uttered is immaterial except upon the question of defendant's knowledge of the forgery.

T. F. BIRKHEAD for appellant.

CHARLES I. DAWSON, Attorney General, T. B. McGREGOR, Assistant Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment of the Daviess circuit court entered on a verdict of the jury finding defendant, Louis Montgomery, guilty of the crime of uttering a forged check and fixing his punishment at two years' confinement in the penitentiary.

By section 1189, Kentucky Statutes, which defines the crime, knowledge of the forgery is made an essential element thereof. Smith v. Commonwealth, 151 Ky. 517; Gregory's Criminal Law, section 394.

Defendant admitted the utterance of the check but denied knowledge of its forgery. Whether or not he knew the check was a forgery was really the only issue

of fact on the trial, since its forgery was thoroughly established and not disputed. The court over the objection and exception of defendant gave the following instruction:

1. "If you believe from the evidence, to the exclusion of a reasonable doubt, that the defendant, Louis Montgomery, in this county, before the finding of this indictment herein, did willfully, unlawfully, fraudulently, falsely, knowingly and feloniously, utter and publish to Miss Minnie E. Worthington, as true, and demanded of her to have exchanged for money or property of value, the check mentioned in the indictment and evidence in this case, and that he then and there *knew* or *believed* that said Charles A. Hays had not executed or signed same and had not authorized any one to do so for him, and that the defendant knew said representations, if any, were false and untrue, and that he made said representations, if any, with the fraudulent intent then and there to commit a fraud and to obtain money or property of value from said Minnie E. Worthington, then you would find defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for a period of not less than two years nor more than ten years, in your reasonable discretion."

It is clear that by this instruction the jury were authorized to find him guilty if they believed from the evidence that defendant *knew* or *believed* the check was a forgery, whereas the statute requires that he shall know it. Hence the instruction was erroneous and prejudicial if there is substantial and material difference between the words know and believe. Upon this question, with reference to the crime of receiving stolen goods of which knowledge is also an essential ingredient, this court in Young v. Commonwealth, 11 Ky. Opin. 689, said:

"That the legislature has seen proper to define the offense by the use of the word 'knowledge' is a sufficient reason why the word 'belief' which possesses quite a different idea should be excluded from the instruction by the court. 'Knowledge is defined as the highest degree of the speculative faculties and consists in the perception of the truth of affirmative or negative propositions.' 'Belief admits of all degrees, from the slightest suspicion to the fullest assurance.'

"The offense for which appellant was indicted and tried is for receiving stolen goods, knowing, not believing the same to be stolen.

"As by error of the court below the substantial rights of the appellant have been prejudiced, the judgment must be reversed."

So in this case the offense for which the defendant was indicted and tried was for uttering a forged check knowing, not believing, that same was a forgery; and we cannot agree with the contention of counsel for the Commonwealth that the instruction was not erroneous or that the error therein was not prejudicial to defendant's substantial rights, since we are convinced that the opinion in the Young case upon both questions is sound and supported by the decided weight of authority despite a contrary ruling in some jurisdictions. Many authorities which discuss the question will be found cited in a note in 22 L. R. A. (N. S.) 833.

2. It is next insisted that the court erred in overruling defendant's motion for a directed verdict.

There was ample evidence, though circumstantial, introduced by the Commonwealth that defendant knew the check was a forgery, which fact he denied, to take the case to the jury unless as contended by counsel for defendant the fact that the check was made payable to Edward Crow and had not been indorsed by him, deprived the utterance of criminal effect. In support of this contention it is urged that until the check was indorsed by the payee it was not in condition to be legally presented by the defendant and could not legally be cashed by the complaining witness to whom it was delivered in payment for goods purchased by defendant. The sum of this argument is that because the transaction lacked legal efficacy, for still another reason than the one denounced by the statute as a crime, the criminal utterance was thereby rendered innocuous, which of course could not be true.

The check was of apparent legal efficacy and it was uttered by the defendant but being a forgery was without legal effect. If defendant at the time he uttered it knew it was a forgery, he was guilty of the crime denounced by the statutes. The utterance would not have been the less or more illegal or criminal had the check been indorsed by the payee. That defendant succeeded in uttering the check without indorsement by the payee could not possibly destroy the effect of its admitted utterance, and except for its importance as part of the *res gesta* upon the question of his guilty knowledge, would have been wholly immaterial. In the following cases it has been held that if the check was of apparent legal

efficacy and uttered with the knowledge that it was a forgery, the fact that it had not been indorsed by the payee was immaterial. Santolini v. State, 6 Wyo. 110, 42 Pac. 746, 71 A. S. R. 906; Norton v. State, 129 Wis. 659, 109 N. W. 531, 116 A. S. R. 979; Lawless v. State, 114 Wis. 189, 89 N. W. 891; Smith v. State, 20 Neb. 284, 29 N. W. 923, 57 Am. Rep. 832.

It is also contended that the error in admitting evidence of another crime with which defendant was not connected, was not cured by a subsequent exclusion of such evidence by the court from the jury. But we need not discuss this question because upon another trial the evidence which was incompetent will not be admitted.

For reasons indicated the judgment is reversed with directions to grant the defendant a new trial.