## Shelton v. Commonwealth.

(Decided April 19, 1929.)

E. BERTRAM and DUNCAN & BELL for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, F. Z. Shelton, was convicted of the crime of forgery, and his punishment fixed at confinement in the penitentiary for a period of three years. In the indictment he is charged with committing the forgery by signing the name of S. B. Shelton, his father, and G. L. Shelton and G. C. Shelton, his brothers, to a note dated March 29, 1926, for $1,000, payable to Frank Phipps.

Appellant, his father, and two brothers had been operating a farm in Wayne county for about 20 years. It had been their custom, when borrowing money from banks and individuals on notes, to permit one of their number to execute the notes and to sign the names of the other three thereon. When appellant gave to Phipps the note in question, he signed his name and also the names of his father and two brothers. He subsequently became financially involved and unable to pay his debts, and went to Illinois and procured employment. The indictment was returned on November 21, 1928, more than two years and a half after the note was executed.

For reversal of the judgment, the appellant relies upon the following grounds: (1) The trial court erred in admitting incompetent evidence offered by the commonwealth; (2) the court erred in rejecting competent evidence offered by appellant; and (3) the court failed to properly instruct the jury.

The commonwealth was permitted to prove, over the objection of appellant, that S. B. Shelton, G. L. Shelton, and G. C. Shelton at the time of the trial were unwilling to pay the note on which appellant had signed their names. This evidence was incompetent and prejudicial. The attitude subsequently assumed by the appellant's father and brothers could in no way affect his criminal

responsibility. If, at the time he signed their names on the note, he had authority so to do, or honestly believed that he had such authority, then he was not guilty of the crime of forgery, and their denial of liability did not alter the character of appellant's act. Forgery has been defined as "the false making, or materially altering with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability." Daniels v. Commonwealth, 181 Ky. 365, 205 S. W. 968; Robinson v. Commonwealth, 217 Ky. 129, 288 S. W. 1044.

Appellant offered to prove that he had authority to sign the names of his father and two brothers to the note by reason of their method or custom of doing business, but the court excluded all such testimony. The appellant should have been permitted to offer testimony showing authority to make the signatures or that he honestly believed that he possessed such authority. If he possessed such authority, or honestly believed that he possessed it, then the necessary criminal intent was absent, and he was not guilty of the crime charged. In Roberson's Criminal Law, sec. 779, it is said: "One who signs another person's name without authority is guilty of forgery. But if a person has reasonable grounds to believe, and does believe, that he is authorized to sign the name of another to a written instrument, and does sign it without any fraudulent design, he does not commit forgery."

And, in section 785 of the same text, the author says: "Intent to defraud is an essential element of the crime of forgery, and is of the very gist of the offense. A false making of an instrument without such an intent will not suffice. If, therefore, one signs the name of another to an instrument, in the honest belief that he has authority to do so, it negatives the intent to defraud."

While section 3720b19, Kentucky Statutes, provides that the signature of any party may be made on a negotiable instrument by an agent duly authorized in writing, and a person whose name appears on such an instrument may defend in a civil action, unless estopped, on the ground that his name was placed thereon without written authority, want of such written authority will not render the agent guilty of forgery if he was in fact authorized, or honestly believed that he was authorized, to make the signatures.

The appellant offered an instruction which, in substance, told the jury that, if they believed from the evidence that before he signed the names of his father and two brothers to the note they had an agreement or understanding by which each should sign the names of the others, and that they had for a number of years prior thereto signed each others names to notes under such agreement, and that agreement had not been rescinded, but was still in existence at the time the note in question was executed, and that the defendant at the time he signed the names of his father and brothers to the note in question did so in good faith, believing that he had authority to sign their names to the note by reason of such agreement and understanding, if any there was, then they should find him not guilty. This instruction properly presented appellant's theory of the case, and, upon another trial, it should be given in lieu of instruction No. 3.

"If there is any evidence to show that accused was authorized to make an instrument alleged to have been forged by the person in whose name it was made, it is the imperative duty of the court to charge that the jury should acquit if they believe that he had such authority or if they entertain a reasonable doubt of such authority." 26 C. J. sec. 158, page 978.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.