## Willis v. Commonwealth.

(Decided Nov. 16, 1937.)

L. V. MATTINGLY for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

C. W. Willis appeals from a two-year sentence for uttering a forged instrument.

Reversal is asked on the ground that the evidence was not sufficient, either to take the case to the jury, or to sustain the verdict.

The evidence discloses the following: During the year 1935 appellant was engaged in buying, selling, and shipping tobacco on commission. J. E. Eanes delivered to him his crop of tobacco to be sold as he thought best. When placed on the scales out in the country the tobacco weighed 220 pounds. When weighed at Leitchfield it weighed 205 pounds. On January 29, 1935, the Fair Ground Tobacco Warehouse Company sold for Eanes 188 pounds of tobacco for the net sum of $34.01, and delivered to appellant a check therefor payable to Eanes. On the preceding day it sold 164 pounds of tobacco in the name of Eanes for a net amount of $18.48. Appellant sent the $18.48 check to Eanes. He indorsed the name of Eanes and also his own name on the $34.01 check and cashed it at the Leitchfield Deposit Bank. Ac-

cording to appellant, Eanes delivered to him only 188 pounds of tobacco at the warehouse in Leitchfield. Eanes authorized him to sell the tobacco to the best advantage, and to sign all necessary receipts, vouchers, and other things incident to the sale. Appellant took the tobacco along with the tobacco of Claud Taylor and others to the Fair Ground Tobacco Warehouse Company at Louisville. By mistake of someone at the warehouse Eanes' tobacco was mixed with the Taylor tobacco, and it was not possible to determine the amount that Eanes' tobacco actually brought. He informed the warehouse people of the situation, and they agreed to write Eanes a check for any particular number of baskets not exceeding 188 pounds, but would not split any basket in order to get the exact number of pounds, and 164 pounds was the closest they could calculate the split. He was given a check for $18.48, which he left with a Mr. Lowrey for delivery to Eanes. The tobacco of Eanes was of a worse grade than the tobacco of Claud Taylor. On account of the mix-up, he made no charges against Eanes for the sale of his tobacco. In order to give Eanes full credit on his allotment under the A. A. A., so that his quota for the following year would not be reduced, he sold 188 pounds of his own tobacco for $34.01 net, and received therefor a check payable to Eanes which he indorsed and cashed at the Leitchfield Deposit Bank. No part of the tobacco so sold was the property of Eanes, but was the property of appellant, and the transaction was carried out in that way for the purpose of protecting Eanes on his A. A. A. Claud Taylor testified that of the 602 pounds of tobacco sold for him by appellant 188 pounds was not his tobacco, but was the tobacco of J. E. Eanes, or someone else. After the sale appellant explained to him that there had been a mistake, and that $18.48 of tobacco sold in Taylor's name had been deducted from Taylor's check, and a check for the amount had been given to Eanes, and the explanation was perfectly satisfactory to him. All he knew personally was that there was a mix-up in his tobacco, and he did not know whether Eanes' tobacco was in it or not. There was further evidence that, in shipping, tobacco would lose weight, but the loss would not exceed 10 per cent.

To constitute the offense of uttering a forged writing it is essential that there be actual knowledge of its falsity and an intent to defraud. 12 R. C. L. p. 140; 26 C. J. 925; Elsey v. State, 47 Ark. 572, 2 S. W. 337; State v. Rose (State v. Wills), 70 Minn. 403, 73 N. W.

177; Montgomery v. Commonwealth, 189 Ky. 306, 224 S. W. 878; Ridener v. Commonwealth, 256 Ky. 112, 75 S. W. (2d) 737. At the outset the element of knowledge may be eliminated, as the check was made payable to Eanes, and Eanes' name was indorsed thereon by appellant himself. There remains only the question of intent to defraud. On this phase of the case we have the following argument on behalf of appellant: His evidence that he sold 188 pounds of his own tobacco in the name of Eanes and received therefor the $34.01 check is uncontradicted. That being true, his act in indorsing and cashing the check was solely for the purpose of obtaining his own money, and there could have been no intent to defraud. Though the argument is ably pressed, there are other features that cannot be overlooked. When placed on the scales in Leitchfield, Eanes' tobacco weighed 205 pounds. If the 188 pounds sold at Louisville belonged to Eanes, the loss in transportation was a little over 8 per cent. On the other hand, if the 164 pounds sold in the name of Eanes represented the balance of his crop, the loss in transportation was 20 per cent. or more than twice the usual amount. From these circumstances, and the evidence of Claud Taylor that the 188 pounds were not his tobacco, the jury had the right to conclude that the 188 pounds belonged to Eanes and not to Taylor or appellant, and that in indorsing and cashing the check representing the net proceeds of the sale appellant did so with the intent to defraud. We are therefore constrained to hold that the evidence was not only sufficient to take the case to the jury, but to sustain the verdict.

Judgment affirmed.