## Hatton v. Commonwealth.

June 18, 1943.

M. C. Redwine for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The defendant, Floyd Hatton, was convicted of knowingly and fraudulently uttering a forged check and his punishment was fixed at confinement in the penitentiary for two years. He assigns three errors in seeking to reverse the judgment: 1. The evidence was not sufficient to sustain the conviction and he was entitled to a directed verdict of acquittal; 2. his motion to discharge the jury should have been sustained; 3. there was a variance between the indictment and the proof as to the person to whom he uttered the forged check.

The indictment charged defendant with fraudulently uttering to Robert Tucker and J. C. Penny Company, a corporation, a check for $21.50 drawn on the Peoples State Bank & Trust Company of Winchester, Kentucky, to which he knew the name of H. B. Spencer was forged and defendant thereby fraudulently obtained from them money and property of value. It appears the trial was not reported since the bill of evidence is in narrative form and is quite brief. Spencer and Henry Carter, the cashier of the bank, both testified Spencer's signature did not appear on the check and that his name was forged thereon. The substance of Tucker's testimony is that he was an employee of the Penny store in Winchester; that he waited on defendant, who bought a pair of trou-

sers and a sweater costing in the aggregate $5.75; that defendant handed him the check for $21.50 in payment of the merchandise and he returned $15.75 in cash to the defendant after the check had been approved by J. D. Delano, the manager of the store. Tucker was certain defendant was the person who made the purchases, gave him the forged check and to whom he returned the $15.75.

Defendant's testimony was an absolute denial of the entire transaction. He stated he did not make the purchases or hand the check to Tucker and that he was not in the Penny store on the occasion Tucker related. His stepmother, Ollie Mae Hatton, testified that she is the person who bought the trousers and sweater and obtained the difference in cash on a check to which the name of H. B. Spencer had been forged; that she cashed another check to which Spencer's name also had been forged.

Defendant insists that to prove him guilty of uttering a forged check as denounced by section 1188, KS (now KRS 434.130) it was incumbent upon the Commonwealth to establish from the evidence beyond a reasonable doubt that at the time he uttered the check he knew it was a forgery. In this he is correct and the trial court so instructed the jury. The rules pertaining to presumptions generally are applicable to forgery prosecutions, and when the evidence shows the name attached to the instrument has been forged, the inference arises that the person who uttered it as genuine either forged the instrument or knew it to be forged, and unless the uttering or forgery is explained satisfactorily, the presumption becomes conclusive. 23 Am. Jur., sec. 57, p. 701; State v. Earley, 119 Kan. 446, 239 P. 981; State v. Williams, 152 Mo. 115, 53 S. W. 424, 75 Am. St. Rep. 441.

It was written in Smith v. Com., 151 Ky. 517, 152 S. W. 574, that where defendant denied signing his brother's name to a check it could not have been done with his brother's consent. Likewise, it can be said with reason in the instant case that the proof shows defendant knowingly uttered a forged instrument for the purpose of defrauding Tucker and the Penny Company when Tucker testified defendant gave him the check, admittedly a forgery, in payment of merchandise and defendant did not deny knowledge of the forgery, but only that he was not the person who uttered it. The jury found against defendant on the issue of whether he uttered the forged check, and with the forgery and uttering both unex-

plained, it well might have concluded he knowingly uttered the forged check. The evidence is not only sufficient to take the case to the jury but to sustain the conviction.

After the trial started defendant moved the court to discharge the jury because its members had just tried an indictment against Woodrow Hedger wherein he was charged with forging, or uttering a forged check on H. B. Spencer. Evidently the court overruled this motion because it came too late. The rule in both civil and criminal cases is that a challenge to a juror, or to the panel, for cause must be made before the trial starts. Section 2253, KS (now KRS 29.020); Higgins v. Com., 287 Ky. 767, 155 S. W. (2d) 209, 213; Galliaer v. Southern Harlan Coal Co., 247 Ky. 752, 57 S. W. (2d) 645, 647; Combs v. Com., 97 Ky. 24, 29 S. W. 734.

There is no merit in defendant's contention that there is a fatal variance between the indictment and the proof. The indictment charged Hatton with knowingly uttering a forged check to "Robert Tucker, an employee of J. C. Penny Company, a corporation, * * * and did * * * fraudulently obtain from Robert Tucker and J. C. Penny Company money and property of value." But the evidence does not show that J. C. Penny Company was a corporation. In Literal v. Com., 250 Ky. 565, 63 S. W. (2d) 587, 590, defendant was indicted for forgery with intent to defraud a bank and an individual and it was there written that the failure to prove the incorporation of the bank was immaterial.

The judgment is affirmed.