Dexter C. FLAUGHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 20, 1955.

H. R. Wilhoit, Grayson, Diederich & Lycan, Chesley A. Lycan, Ashland, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

The indictment in this case charged appellant, Dexter C. Flaugher, with the crime of forgery, an offense denounced by KRS 434.130, and on March 19, 1954, he was convicted and his punishment fixed at confinement in the penitentiary for two years. He has appealed, urging as the principal ground for reversal that the Lawrence Circuit Court lacked jurisdiction to try and determine the case.

An examination of the indictment discloses appellant was not accused of the crime of "uttering and publishing" a forged instrument. The formal complaint was in substance that he forged the name of Verna Green as maker to a note of $800, dated

July 30, 1943, payable to himself, all of which was alleged to have been done without her knowledge, consent or authority.

Appellant and his wife testified the note transaction was consummated at Huntington, West Virginia. He stated he had always resided in that city and had forwarded the note to Messrs. Diederich & Lycan, his attorneys at Ashland, for collection. No proof was introduced by the Commonwealth to show that appellant was ever in Kentucky at the time the instrument was executed and delivered to him, or that he was in this state at any other time after it was drawn until he gave his deposition in the civil action in circuit court whereby he sought to enforce collection of it against the estate of Verna Green. It was after he was unsuccessful in his suit on the note that this criminal action was instituted.

 This case is controlled by the rule applied in Short v. Commonwealth, 243 Ky. 175, 47 S.W.2d 1074, and Commonwealth v. Apkins, 148 Ky. 207, 146 S.W. 431, 39 L.R.A.,N.S., 822, Ann.Cas.1913E, .465, which is that unless the unlawful act charged occurred within Kentucky the sovereignty of this state is not violated. Our courts cannot take cognizance of a crime committed against the law of a neighboring state. The Commonwealth was required to bring forward definite proof from which the jury might determine that the offense complained of was committed in Kentucky. There was an utter failure of such proof.

We believe the court below overlooked the well-settled point that "forgery" and "uttering a forged instrument" are entirely different and distinct offenses. See Commonwealth v. Miller, Ky., 115 S.W. 234. In "uttering" cases it is not necessary for the Commonwealth to show that the accused actually forged the instrument or to prove where he forged it. The requisites of that offense are the uttering of the paper with knowledge of its spurious character and with intent to defraud.

This case must be reversed and remanded for the reason indicated and, while we are reserving any ruling on any other grounds raised by appellant, we believe we should indicate it was incumbent upon the Commonwealth to establish by competent evidence that appellant either personally wrote, or caused to be written, the name of Verna Green on the note as maker, without her authority or consent. Intent to defraud is an essential element of forgery. We have grave doubts the character of evidence we have pointed out as necessary was adduced in the record before us. See Ridener v. Commonwealth, 256 Ky. 112, 75 S.W.2d 737; Shelton v. Commonwealth, 229 Ky. 60, 16 S.W.2d 498.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.