**Thomas Henry SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

William E. Rummage, Jack A. Connor, Owensboro, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Thomas Henry Smith was convicted of uttering a forged instrument. KRS 434.-130. His punishment was fixed at three years' confinement. He appeals, urging that the evidence does not prove the essential elements of the crime and that there was a fatal variance between the indictment and the proof.

The accused, a garbage collector, presented $25 in money for deposit at a "drive-in" window of the Central Trust Company of Owensboro on September 7, 1955. The teller testified that she asked him how he carried his account and he replied, "T. J. Smith". She prepared a deposit slip in that name and gave appellant a duplicate. He then asked her to "find out what my balance is". Upon ascertaining it from the bookkeeping department, the teller told the accused it was $796.73 and put the amount on the duplicate deposit slip. Appellant had a joint account with the bank in the name of "T. H. or Lillian Smith". There was another joint account in the bank in the name of· "T. J. or Margaret M. Smith", in which the balance on that date was $796.73.

On September 14, 1955, appellant asked Hugh Goff, service manager of Western Kentucky Recappers, if he would accept a $25 check, credit his account with $10 and give him the balance in cash. The accused was well known to Goff as "Tom Smith". Goff filled in the check payable to the firm. The appellant signed it "T. J. Smith". Goff accepted it without noticing how the check had been signed.

On cross-examination, an official of the bank disclosed that about September 15, 1955, several checks, including the one in question, had been received and charged to the T. J. Smith account until it was ascertained that the signature to these was not that of T. J. Smith. The $25 check was signed by appellant. The bank then returned the check in question, marked "No funds", to the payee. On September 20, 1955, the $25 deposit was changed from the T. J. Smith account to the T. H. Smith account. The balance in the T. H. Smith account was 25¢ on the day the deposit was made and on the day the $25 check was given by appellant.

The accused offered no evidence in his behalf except a witness on an immaterial

collateral contradiction. His motion for a directed verdict of not guilty was overruled.

■■■ The offense of uttering a forgery consists of publishing or placing in circulation as genuine a forged writing, with actual knowledge of its falsity and with the intent to defraud. KRS 434.130. Willis v. Commonwealth, 271 Ky. 80, 111 S.W.2d 412; Flaugher v. Commonwealth, Ky., 279 S.W.2d 775; Roberson's Criminal Law, Section 791, page 992. It is immaterial whether the forgery is such as likely to deceive. An acceptance of it is unnecessary. Commonwealth v. Fenwick, 177 Ky. 685, 198 S.W. 32, L.R.A.1918B, 1189; Fain v. Commonwealth, 287 Ky. 507, 154 S.W.2d 553. One who signs another person's name without authority is guilty of forgery. Roberson's Criminal Law, Section 779, page 972; Section 791, page 992. When the evidence shows the name attached to the instrument has been forged, the inference arises that the person who uttered it as genuine either forged the instrument or knew it to be forged, and unless the uttering or forgery is explained satisfactorily, the presumption becomes conclusive. Hedger v. Commonwealth, 294 Ky. 731, 172 S.W.2d 560; Hatton v. Commonwealth, 294 Ky. 740, 172 S.W.2d 564.

Appellant contends that the prosecution failed to prove that he had knowledge of the falsity of the uttered check or that he had any intent to defraud. When the teller asked how he carried his account, he falsely said, "T. J. Smith", instead of saying truthfully "T. H. or Lillian Smith". The intent to defraud was shown at the beginning of the series of transactions culminating with the giving of the check. Further intent to defraud is shown by his inquiry as to the balance on deposit in the name of "T. J. Smith". Appellant knew that he had never had any such account or had any balance on deposit in such name. It was a standard operating procedure at the bank to require

the execution of a signature card, or cards, when a new account was opened. No new signature card for "T. J. Smith" was signed. All of which negatives the suggestion that he was opening a new account in the fictitious name of "T. J. Smith", or that he was adding to the balance in his true account of "T. H. or Lillian Smith".

■■■ Unquestionably, appellant knew that the name "T. J. Smith" signed to the check was not his name and that he had no account with the bank in such name. The check, as written, purported to have legal efficacy as a check of "T. J. Smith" and was a forgery. Robinson v. Commonwealth, 217 Ky. 129, 288 S.W. 1044; Davis v. Commonwealth, 217 Ky. 801, 290 S.W. 702; Louisa National Bank v. Kentucky National Bank, 239 Ky. 302, 39 S.W.2d 497. The evidence was sufficient to show that appellant had actual knowledge of the falsity of the signature on the check and had an intent to defraud when he uttered the check. In the absence of a satisfactory explanation, the presumption so raised became conclusive.

■■■ The indictment charged that the check was given to Sam W. Booth, as agent for Western Kentucky Recappers, while the proof showed that the transaction was with Hugh Goff, another employee. Appellant contends that this is a fatal variance. The indictment charged that the check was given to Western Kentucky Recappers, and the proof showed this to be true. It was immaterial which agent or employee received the check. Western Kentucky Recappers was defrauded and suffered the loss on the check. This is not considered a fatal variance. Davis v. Commonwealth, 217 Ky. 801, 290 S.W. 702; Hatton v. Commonwealth, 294 Ky. 740, 172 S.W.2d 564.

Judgment affirmed.

BIRD and SIMS, JJ., dissenting.