**Floyd Ira RIIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 28, 1967.

Rehearing Denied Oct. 6, 1967.

Carl J. Bensinger, Allan Weiss, Louisville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a judgment convicting appellant Floyd Ira Riis of the crime of unlawfully transporting others beyond the bounds of this state denounced by KRS 435.150. His punishment was fixed at ten years in prison.

Appellant and William Allen Wright were jointly indicted and tried for transporting Carolyn Young and Larry Brandenburg beyond the state of Kentucky into the state of Indiana.

Appellant, a watch repairman, returned a watch belonging to William Allen Wright to the restaurant operated by Wright. As Wright was absent, the watch was delivered to Carolyn Young, a waitress at the restaurant. Sometime later, Wright learned of

the delivery of his watch, but it could not be found.

Late on the night of November 20, 1964, appellant, Wright and Evelyn Gunther went to the apartment of Carolyn Young in search of the watch. Larry Brandenburg and Claudette Elder were there. A short time later, two young men returned to Carolyn's apartment with whiskey they had gone for.

There was evidence that appellant struck Carolyn and Larry with his fists and that he also brandished a gun. Carolyn testified that appellant took her into the bathroom, pointed the gun at her head, and told her that if she didn't return the watch he would "fix her face" so her boyfriend would never look at her again. Brandenburg testified appellant "pulled" the gun when the two young men returned with the whiskey.

After searching Carolyn's apartment without success, appellant, Wright, Carolyn, Larry, and Evelyn Gunther went into Indiana to see Annabelle Turner, another waitress at Wright's restaurant. Carolyn and Larry testified appellant and Wright demanded that they go to Indiana and that they feared violence at the hands of appellant if they refused to go.

On their return to Kentucky, the parties stopped at the restaurant where some of them drank coffee while others looked for the watch. A taxi was called and paid for by one of the defendants to return Carolyn and Larry to the apartment.

Wright was also convicted and given the same period of confinement in prison, but he has not appealed.

Appellant first argues that he was entitled to a separate trial and that the trial court erred in overruling his motion therefor under RCr 9.16. The record contains this statement by counsel for appellant (Wright was not represented by counsel):

"I've made a motion for separate trials, on the basis that Mr. Wright will introduce testimony and witnesses and other evidence that I think will be highly prejudicial to the defense of the other defendant, Floyd Riis, and I, therefore, have made a motion for the judge to separate the trial of the two defendants. The judge has overruled me and I object and take exceptions to it."

Neither appellant nor Wright testified. So we look to the record for any occurrence, conduct or statement by Wright that may have prejudiced appellant. We find nothing in the record indicating that Wright displayed any antagonism toward appellant. It is concluded the trial court properly overruled appellant's motion for a separate trial.

It is next insisted by appellant that the indictment was insufficient. RCr 6.10 (2) provides that a criminal indictment shall be sufficient if it contains a plain, concise and definite statement of all the essential facts constituting the specific offense charged. The present indictment charged defendants with transporting "Larry Clifford Brandenburg and Carolyn Young at gun point beyond the bounds of this State." It also contained the number of the statute (KRS 435.150). This was sufficient. Cf. Eisner v. Commonwealth, Ky., 375 S.W.2d 825 (1964), and Nicholas v. Thomas, Ky., 382 S.W.2d 871 (1964).

Appellant urges that the instructions were erroneous. They followed the language of the statute and fully submitted the issues to the jury.

Appellant's final argument is that inasmuch as the "basic element" of the offense charged is transporting of another "beyond the bounds of this state," the statute is invalid as an unlawful restraint upon interstate commerce in violation of Article 1, Section 8, Paragraph 3 of the Constitution of the United States.

The conduct of appellant, if the version of the Commonwealth's witnesses is taken as true, had no relation to interstate commerce. Furthermore, the Consti-

tution, supra, in no way relieves or obstructs the states in the exercise of their police powers. Neither does it shift from the states to the federal government any share of the original responsibilities of the states.

The judgment is affirmed.

All concur.