James WARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1969.

S. H. Johnson, Johnson & Johnson, Paintsville, for appellant.

John B. Breckinridge, Atty. Gen., Ben M. Combs, Deputy Atty. Gen., Frankfort, Eugene C. Rice, Commonwealth's Atty., Paintsville, for appellee.

STEINFELD, Judge.

James Ward was convicted of forgery, a crime denounced by KRS 434.130(1), and sentenced to penitentiary confinement for two years. He appeals, claiming that the indictment was fatally defective and the proof was insufficient to sustain the verdict. We affirm.

On June 29, 1968, Ward appeared in the office of the county clerk of Johnson County and represented to a deputy clerk that he was Carl Lester, the owner of a motor vehicle. He produced the registration papers for the car, executed the name of Lester "on the transfer papers" (KRS 186.-190(2)) and caused the record title of the automobile to show that one Willis Patrick had become the owner.

The grand jury charged that KRS 434.-130 had been violated in that:

> "On or about the 29th day of June, 1968, in Johnson County, Kentucky, the above named defendant(s) uttered and published a Bill of Sale for an Automobile to the County Court Clerk of Johnson County and signed the name of Carl Lester thereto known at time thereof that it was a Forgery, against the peace and dignity of the Commonwealth of Kentucky."

Appellant notes that the "indictment fails to contain any allegation of intent to defraud or that (Ward) proceeded without authority." Citing Shelton v. Commonwealth, 229 Ky. 60, 16 S.W.2d 498 (1929), Ridener v. Commonwealth, 256 Ky. 112, 75 S.W.2d 737 (1934), Finley v. Commonwealth, Ky., 259 S.W.2d 32 (1953) and Flaugher v. Commonwealth, Ky., 279 S.W. 2d 775 (1955), he argues that "both of these elements are necessary for a forgery in

Kentucky." The Commonwealth responds that RCr 6.10(2) specifies the necessary contents of an indictment and that the construction of that rule as announced in Riis v. Commonwealth, Ky., 418 S.W.2d 396 (1967), applies.

RCr 6.10(2) was and is as follows:

"The indictment or information shall contain, and shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged. It need not contain any other matter not necessary to such statement, nor need it negative any exception, excuse or proviso contained in any statute creating or defining the offense charge."

In Riis we wrote:

" * * *. RCr 6.10(2) provides that a criminal indictment shall be sufficient if it contains a plain, concise and definite statement of all the essential facts constituting the specific offense charged. The present indictment charged defendants with transporting 'Larry Clifford Brandenburg and Carolyn Young at gun point beyond the bounds of this State.' It also contained the number of the statute (KRS 435.150). This was sufficient. * * *."

■ The indictment informed Ward (a) of the offense with which he was charged, (b) of the act of which complaint was being made, and (c) of the claim of forgery, and (d) the caption contained the number of the statute—KRS 434.130. Ward was adequately apprised of the charge against him. Cf. Daniels v. Commonwealth, 181 Ky. 365, 205 S.W. 968 (1918).

At the trial the deputy clerk testified that Ward represented to her that he was Lester, produced the papers, signed Lester's name and obtained transfer of a vehicle which had not previously been registered in this state. On cross-examination she stated that in such cases the usual practice " * * * was for the present owner to sign the name of the record title holder above his own on the transfer papers." The Commonwealth rested, then Ward's counsel moved for a dismissal " * * * on the ground that the Commonwealth had failed to show the necessary intent to defraud Carl Lester * * *." The motion was overruled.

On defense Lester testified that he had authorized Ward to sign his name to effect the transfer. In rebuttal the Commonwealth produced police officers who testified that Lester had told them that he had not given Ward permission to sign his name. The court admonished the jury that the purpose and weight of this testimony was for impeachment only.

Appellant claims entitlement to reversal on the ground that it was incumbent on the Commonwealth, in order to convict, to prove an intent to defraud. He says that "The mere act of signing Carl Lester's name gives no insight into the defendant's motive and is not sufficient, without more, for a conviction. * * * Intent must also be shown by the prosecution." He cites Flaugher v. Commonwealth, Ky., 279 S.W. 2d 775 (1955), which held that a conviction for forgery could not stand because the Commonwealth had failed to show that the accused was in this state at the time the instrument was executed.

The statute, KRS 434.130(1), under which Ward was indicted, was and is as follows:

"Any person who forges or counterfeits any writing in order to obtain fraudulently the possession of or to deprive another of any money or property, or to cause another to be injured in his estate or lawful rights, or any person who utters and publishes such an instrument as true, knowing it to be forged and counterfeited, shall be confined in the penitentiary for not less than two nor more than ten years."

■■ The burden of proving all the elements of the crime of forgery, including

intent to defraud, was on the Commonwealth. Fain v. Commonwealth, 287 Ky. 507, 154 S.W.2d 553 (1941), 37 C.J.S. Forgery § 80, p. 90. We hold that the testimony of the deputy county clerk made a prima facie case (Smith v. Commonwealth, Ky., 307 S.W.2d 201 (1957)) which might have been overcome by the testimony of Lester had that evidence been believed by the jury. However, "The triers of the facts (were) not bound to accept the testimony of any particular witness * * *." 98 C.J.S. Witnesses § 458, p. 320. Cf. Denham v. Commonwealth, 311 Ky. 320, 224 S.W.2d 180 (1949); Helton v. Commonwealth, 312 Ky. 268, 226 S.W.2d 939 (1949). They had the right to conclude that it was impeached by the testimony of the police officers.

The judgment is affirmed.

All concur.