**Charles Augusta BRODGEN and James Louis Wallace, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Franklin S. Yudkin, David Kaplan, Louisville, for appellants.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Charles Augusta Brodgen and James Louis Wallace were found guilty in the Jefferson Circuit Court of armed robbery. Each was sentenced to two ten-year concurrent terms. They appeal. We affirm.

William Goins and Theresa Tapp (now Mrs. William Goins) were approached by armed men at the Shawnee Park boat dock in Jefferson County and robbed of a small amount of cash and a ring. Mrs. Goins

could not identify the robbers, but Mr. Goins made positive identification.

The conviction is now challenged on four counts: (1) Improper selection of jurors; (2) error in denying a hearing on selection of jurors; (3) failure to direct verdict in favor of appellants; and (4) error in overruling appellants' objection to certain evidence elicited by the Commonwealth.

Prior to the jury panel's being sworn, appellants made the following oral objection:

> "Under Rule 9.34, I believe that the jury in this case has been partly empaneled from property owners instead of completely from the voting lists, and that there are no jurors under the age of 30, and I would like to object to it."

The court overruled the objection.

■ Kentucky law requires that a motion raising an irregularity in the selection of a jury precede the examination of the jurors. RCr 9.34. Appellants' objections were timely, but no effort was made to request a hearing or to present supporting facts until after the notice of appeal was filed. In Williams v. Commonwealth, 254 Ky. 277, 71 S.W.2d 626, 629 (1934), we said:

> "* * * this court may reverse for * * * or any other error of the trial court, in the impaneling a jury or failing or refusing to provide a statutory jury, if demanded by the accused, and timely objections are made, supported by appropriate evidence, and proper exceptions are noted of record. * * *"

A mere objection, without some factual showing of irregularity in the selection of a jury panel, is not sufficient to challenge the procedure employed in selection of the jurors. The trial court did not err in overruling appellants' objection.

■

■ No request for an evidentiary hearing in the manner of selection of jurors was made by the appellants until after the filing of the notice of appeal. The appellants presented extensive material on jury selection and detailed legal arguments in support of their position, but all of this came too late. None of this was considered by the trial court and it may not be considered here. Hatton v. Commonwealth, 294 Ky. 740, 172 S.W.2d 564 (1943); Triplett v. Commonwealth, Ky., 439 S.W.2d 944 (1969). Under the circumstances of this case, the trial court did not err in failing to order an evidentiary hearing, and we cannot consider the proffered documents and arguments on behalf of appellants.

■ Appellants contend that they should have received a directed verdict due to the fact that Mrs. Goins, one of the victims, was unable to identify the persons who robbed her. Considering all the evidence, however, and Mr. Goins' clear identification of the appellants, the trial court did not err in overruling appellants' motion for a directed verdict. Hack v. Commonwealth, Ky., 433 S.W.2d 877 (1968); Rogers v. Commonwealth, Ky., 444 S.W.2d 548 (1969).

Appellants further contend that the trial court erred in overruling certain of their objections made during the trial. A review of the testimony to which appellants objected reveals no error that prejudiced the substantial rights of the appellants. The alleged errors are not of such gravity as to persuade us that upon a consideration of the whole case there is a substantial possibility that a different result would have been achieved had the trial court sustained the objections. Abernathy v. Commonwealth, Ky., 439 S.W.2d 949 (1969).

The judgment is affirmed.

All concur.