Arnold "Grapevine" WHITAKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1972.

C. A. Noble, Jr., Hazard, for appellant.

Ed W. Hancock, Atty. Gen., W. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Arnold "Grapevine" Whitaker, jailer of Perry County, Kentucky, was indicted by the grand jury for violation of KRS 61.170 (malfeasance or neglect in office) and KRS 432.460 (negligently allowing prisoners to escape). Whitaker moved to quash the indictment for several alleged technical shortcomings. His motion was denied by the trial court. A trial on the merits was held but a mistrial was declared because the Commonwealth introduced inadmissible, prejudicial testimony which, in the opinion of the trial judge, could not be rendered harmless by an admonition.

Thereafter, Whitaker voluntarily pleaded guilty to violation of KRS 432.460, and the Commonwealth, with approval of the court, dismissed the charge relating to violation of KRS 61.170. A jury was again empaneled to fix Whitaker's punishment under his guilty plea and they assessed a fine of $100, the minimum prescribed by the applicable statute. Whitaker then filed a motion to arrest judgment under RCr 10.22 and a motion for a new trial. The trial court denied each of these motions and entered judgment in accordance with the guilty plea and the jury-determined penalty. Whitaker moved this court to grant an appeal and reverse the judgment.

■ Whitaker relies upon several recited omissions in the wording of the indictment; we find that the indictment, though inartificially drawn, plainly set forth the essential facts concerning the specific offenses charged. Both statutes were cited by number in the indictment but were not expressly quoted. We conclude that the indictment fairly informed Whitaker of the nature of the offenses with which he was charged. Therefore, under RCr 6.10, it was sufficient to withstand a motion to quash. See Eisner v. Commonwealth, Ky., 375 S.W.2d 825 (1964), Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21 (1966), Finch v. Commonwealth, Ky., 419 S.W.2d 146 (1967), Riis v. Commonwealth, Ky., 418 S.W.2d 396 (1967) and Ward v. Commonwealth, Ky., 444 S.W.2d 896 (1969). Since the indictment charged public offenses, Whitaker was not entitled to arrest of the judgment under RCr 10.22.

■ Whitaker's motion for a new trial is grounded upon: first, an allegation that he was suffering from the effects of pain-killing medicine prescribed because of a back ailment when he entered his guilty plea, and, second, that he was misled by the attorney for the Commonwealth in the plea-bargaining process. His contentions in this aspect may be summarized as a claim that his guilty plea was neither voluntary nor knowledgeable nor fairly obtained. The record shows, however, that Whitaker was represented by employed counsel at all stages of the proceedings. The trial court conducted an evidentiary hearing upon the issues raised concerning the circumstances of the guilty plea. From the evidence at this hearing, it appears that Whitaker's only real complaint is that he and his counsel believed a plea of guilty to KRS 432.460 would completely insure his nonremoval from office during his term by reason of the charges contained in the indictment. After the guilty plea was entered and sentence was imposed, his counsel discovered that the Governor has authority under KRS 63.100, upon affidavits presented by at least two witnesses, to institute removal proceedings against a peace officer guilty of neglect of duty.

It is significant to note that one of the statutes recited in Whitaker's indictment, KRS 61.170, contains automatic built-in removal from office as a recited additional penalty for its violation. This was the part of the indictment that the Commonwealth dismissed. The statute to the violation of which Whitaker pleaded guilty, KRS 432.460, is specifically applicable to jailers who negligently allow a prisoner to escape; it contains no forfeiture-of-office provision.

The record appears to establish that the Commonwealth lived up to its agreement with Whitaker when it dismissed the

charge founded on KRS 61.170. It is hardly conceivable that counsel for Whitaker could have believed that a contract to bind the Governor could be effectuated by the local Commonwealth's Attorney, public policy questions aside. Upon the evidence presented, the trial court resolved this issue against Whitaker, and we think properly so. The future action or inaction of the Governor under KRS 63.100, assuming it applies, is not a matter which may properly be considered on this appeal.

In view of the public questions presented, the motion for an appeal is granted but the judgment and order of the trial court are affirmed.

All concur.