**COMMONWEALTH of Kentucky, Appellant,**

v.

**Lacey T. SMITH, Appellee.**

Supreme Court of Kentucky.

March 26, 1976.

Ed W. Hancock, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Jr., Commonwealth's Atty., 39th Judicial Dist., Louisville, for appellant.

Frank E. Haddad, Louisville, James F. Neal, Nashville, Tenn., for appellee.

STEPHENSON, Justice.

An indictment charging Lacey T. Smith with a violation of KRS 432.350 was dismissed by the trial court. The Commonwealth appeals. We affirm.

The indictment reads:

"That on or about the 20th day of December 1973, in Jefferson County, Kentucky, the above named defendant did unlawfully cause money, the sum of $5,000.00, to be given to said defendant by Schwartz and Speckter Insurance Agency for delivery to an organization known as the Sloane for Mayor General Election Committee, with the intent to influence Harvey Sloane, Mayor of the City of Louisville, in making his decision in awarding insurance contracts for the City of Louisville so as to obtain insurance contracts for the Schwartz and Speckter Insurance Agency from the City of Louisville."

KRS 432.350, Giving and taking bribes, provides:

"(1) Any person who promises, offers, gives or causes or *procures* to be promised, offered or *given* and *money* or other thing of value, or makes or tenders any contract, obligation, gratuity or security for the payment of money or for the delivery or conveyance of anything of value, to any member of the General Assembly, or to any judicial, executive or ministerial officer of this state, or to any county or city executive, ministerial, judicial or legislative officer, including members of boards of education or subdistrict trustees, after he has been elected, and before or after he has been qualified and assumed office or taken his seat, with *intent to influence his* vote or *decision* on any question, matter, cause or proceeding pending in the General Assembly or before such officer, or pending before any committee of the General Assembly, shall be fined not less than fifty dollars nor more than one thousand dollars, or con-

fined in the penitentiary for not less than one nor more than five years, or both.

"(2) Any member of the General Assembly or any other executive, judicial, ministerial or legislative officer of this state or of any county or city, including members of boards of education and subdistrict trustees, who takes or agrees to take any bribe to do or omit to do any act in his official capacity shall be fined not less than fifty dollars nor more than one thousand dollars, or confined in the penitentiary for not less than one nor more than five years, and shall forfeit his office and be disqualified from the right of suffrage for ten years."[1] (Emphasis ours)

The trial court dismissed the indictment on the ground that it failed to allege such "matter, cause or proceeding" was *pending* at the time before the officer whose decision was meant to be influenced by the payment of the bribe and thus did not charge an offense.

The Commonwealth argues that "pending" as used in KRS 432.350(1) means the period of time in which the "question, matter, cause or proceeding," which was the subject matter of the bribe, remains unperformed or was reasonably foreseeable in the future at the time of payment of the bribe.

In its brief, the Commonwealth tells us it intended to prove at the trial that in December 1973 the insurance agency, desirous of obtaining contracts of insurance with the city of Louisville contacted Smith, the campaign manager for the Mayor's successful November 1973 election campaign, and Smith indicated if the insurance agency would contribute $5,000 to the Sloane for Mayor Election Committee, for the purpose of retiring campaign debts, he, Smith, would influence the Mayor to award contracts of insurance to the insurance agency.

Further, on December 20, 1973, the insurance agency gave to Smith a check drawn on the account of the insurance agency in the sum of $5,000, payable to the Harvey Sloane for Mayor Campaign, and Smith deposited the check in the bank account for the Sloane for Mayor General Election Committee, and the Mayor was influenced thereafter to award the insurance agency, on July 26, 1974, the position of agent of record for the city of Louisville, which made the insurance agency privy to fire insurance rate makeup schedules for property owned by the city of Louisville and thereby placed the insurance agency in position to advise executive officers of the city of Louisville as to various matters pertaining to insurance coverage for the city.

Further that prior to the payment of the $5,000, the insurance agency did not have any contract of insurance with the city; and on August 7, 1974, the insurance agency was awarded a contract of insurance for property owned by the city with a coverage of $5,911,520.80 as a result of the payment of the $5,000—not as a consequence of competitive bid, but in the discretion of the Mayor.

We are of the opinion that the indictment does not charge a violation of KRS 432.-350(1); nor would the proposed proof recited by the Commonwealth be sufficient to sustain a conviction on the charge.

The pertinent portions of KRS 432.350(1) relative to giving a bribe (applicable to this charge) are "any person who . . . procures to be . . . given any money . . . for the delivery . . . [to a] city executive . . . with intent to influence his . . . decision on any question, matter, cause or proceeding pending . . . before such officer . . . ."

▇ The essential element of the offense is that the *officer,* or his designee, must be promised, offered, or given the money or thing of value. In that event, the giver of the bribe is subject to the penalties of KRS 432.350(1).

▇ Here the indictment alleges that Smith procured the money to be given to

---

1. Repealed 1974. Reenacted in KRS 521.020, which imposes the same standards on givers as on takers of bribes.

the election committee with intent to influence the Mayor in giving insurance contracts. This indictment is deficient in that it does not allege that the Mayor received the money or that the money was given to the election committee with the Mayor's knowledge of and consent to the illegal purpose denounced by the statute.

Should the Commonwealth be prepared to supply the deficiency in the indictment, then the present indictment may be amended.

■ We view the argument of the Commonwealth that "pending" as used in KRS 432.350(1) means the period of time in which the "question, matter, cause or proceeding" remains unperformed as too broad. To adopt this construction would put an unlimited period on part (1) and in the same category as part (2), which refers to taking a bribe and contains no limitation, being the period of time that the individual occupies the office.

A majority of the court is of the opinion that the construction placed on "pending" by the trial court is too narrow. While the majority does not subscribe to the argument that "matters pending" means the period of time the matter was reasonably foreseeable in the future, it views the period from the Mayor's assuming office in December 1973 to the awarding of the insurance contracts in August 1974 as so close in time to constitute "pending" within the meaning of the statute.[2]

The judgment is modified to the extent that the Commonwealth shall be given the opportunity to supply the deficiency in the indictment within 30 days of the issuance of the mandate herein. As so modified, the judgment is affirmed.

**2.** The writer of the opinion does not agree with the interpretation of "pending" adopted by the majority of the court. I would give "pending" its ordinary and customary meaning, something that has commenced but is not completed, during, undetermined, before conclusion. The meaning given "pending" by the majority places KRS 432.350(1) in almost the same category as KRS 432.350(2), which contains no space of time. It is obvious to me that the General Assembly intended to deal with the

REED, C. J., and JONES, LUKOWSKY, PALMORE, STERNBERG, and STEPHENSON, JJ., concur.

CLAYTON, J., dissents.

CLAYTON, Justice (dissenting).

I am not persuaded by the arguments forwarded in the majority opinion that the indictment in this case was deficient. In setting out the requisites of an indictment or information, RCr 6.10(2) states:

"The indictment or information shall contain, and shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged. It need not contain any other matter not necessary to such statement, nor need it negative any exception, excuse or proviso contained in any statute creating or defining the offense charged."

As I read RCr 6.10 the basic purpose to be served by an indictment in Kentucky is to give the defendant *notice* of the charge(s) against him. The indictment in this case, as quoted in the majority opinion, clearly informed Smith of the nature and extent of the statutory violation with which he was charged.

In *Ward v. Commonwealth,* Ky., 444 S.W.2d 896 (1969), the appellant attacked the sufficiency of an indictment for forgery under which he was convicted. It was alleged in *Ward* that the indictment was deficient in that it failed to allege "intent to defraud" or that appellant "proceeded without authority." This court said at page 897:

"The indictment informed Ward (a) of the offense with which he was charged,

offense of taking a bribe more strictly by providing penalties for "taking" in exchange for any act in his official capacity, i. e., any time during the term of office. On the other hand, part (1) is limited to "giving" to influence any question, matter, or act *"pending"* before such officer. To enlarge "pending" beyond its usual and customary meaning is to thwart the clear intent of the General Assembly to make a distinction between the giving and the taking of bribes.

(b) of the act of which complaint was being made, and (c) of the claim of forgery, and (d) the caption contained the number of the statute—KRS 434.130. Ward was *adequately apprised* of the charge against him." (Emphasis added)

Certainly it is not beyond the scope of legal reasoning to say, as stated in the above-quoted paragraph, that Smith was informed (a) of the offense with which he was charged, (b) of the act of which complaint was being made, (c) of the claim of bribery, and (d) the caption contained the number of the statute—KRS 432.350.

I would therefore reverse the Jefferson Circuit Court and direct that the indictment be reinstated.